TABER LUMBER COMPANY, Appellant, v. LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Appellee.

INSURANCE:    General Insurance Followed by Space Clause.    A policy which (1) broadly insures designated property within a specified lumber yard, and (2) in a separate clause requires the insured, on penalty of nullifying the policy, to maintain a clear space of 100 feet "between *the property insured* and any manufacturing plant," and, in effect, generally prohibits said space from being used except for platform and freight car purposes, for loading and unloading, and for transporting material across the same, will not be construed as withholding insurance on property within said yard but on a platform contiguous to insured's mill, and in a near-by freight car, even though such platform and such car are located, at the time of loss, within said 100-foot space.

*Appeal from Lee District Court.*—HENRY BANK, JR., Judge.

FEBRUARY 17, 1919.

REHEARING DENIED SEPTEMBER 24, 1919.

ACTION for a fire loss upon an insurance policy. The question in dispute is whether certain lumber destroyed by fire was so located as to come within the description of the policy. The policy had a "space clause," which required the insured to maintain a clear space of 100 feet "between the property hereby insured and any wood-working or manufacturing establishment." At the close of the evidence, the trial court eliminated the items of loss for property located within the 100-foot space, and directed verdict for the plaintiff on the other items. The plaintiff appeals.—*Reversed and remanded.*

*Clarence H. Dickey, T. A. Craig,* and *Hollingsworth & Blood,* for appellant.

*Hazen I. Sawyer* and *G. L. Norman,* for appellee.

EVANS, J.—The plaintiff was a manufacturer of lumber and a dealer therein. It maintained yards upon the north bank of the Mississippi River at Keokuk. On June 1st, the defendant company issued its policy of insurance on lumber contained in yard No. 3. The description of the location of the property was contained in a certain rider, attached to the policy and furnished by the plaintiff lumber company, the insured. This rider contained the following provisions, the effect of which is in dispute herein:

"Taber Lumber Co., Yard No. 3.

"$2,500 on their sheds, buildings (lumber, lath, shingles, pickets, sash, doors, blinds, mouldings, battens, building paper, lime, cement, hair, wagons and carts). While contained in their yards, sheds and buildings, their own or held by them in trust, or on commission, or sold but not delivered. Also, lumber on R. R. cars, in their yard situated on north bank of Mississippi River, south of railroad tracks, being fractional blocks in front of Blocks 12 and 13, Reid's Addition to City of Keokuk, Iowa.   *   *   *

"Space Clause.

"Warranted by the assured that a continuous clear space of 100 feet shall hereafter be maintained between the property hereby insured and any wood-working or manufacturing establishment and that said space shall not be used for the handling or piling of lumber thereon for temporary purposes, tramways upon which lumber is not piled, sorting sheds, platforms, refuse bins, freight cars and a small shipping office across railroad track from the mill alone being excepted, *but this shall not be construed to prohibit loading or unloading within, or the transportation of lumber and timber products across such clear space,* it being specially understood and agreed by the assured that any violation of this warranty shall render this policy null and void.  Beverly B. Hobbs, Agent."

Plaintiff's yard No. 3 was a somewhat indefinite space, lying mainly to the east of plaintiff's manufacturing plant and north of the Mississippi River.  Its general location is indicated in the following plat:

On July 3d, a fire occurred in the manufacturing plant, and extended to property on the outside.  Certain property located at point "A" upon a loading platform was destroyed.  This platform was either a part of the manufacturing plant or was immediately contiguous thereto.  The lumber upon this loading platform was in course of being loaded upon a railroad car.  At this platform was a railroad car, partly loaded with lumber, and this lumber was also destroyed.  Other lumber was loaded upon a car stand-

ing at point "D," ready to be moved. These items of loss were refused by the trial court, as not being covered by the policy.

The question before us is whether the space clause above set forth is descriptive of the location of the property, and, if yea, whether such description eliminates the particular property in its then location, covered by the above items. We are inclined to the view that the space clause may be considered as aiding the description of the location of the insured property. The only description contemplated of the insured property was that of location. All lumber was insured while within the described location. None was insured while outside the bounds thereof. If the space clause in question were unqualified in its call for a clear space of 100 feet between the insured property and the manufacturing plant, there would be much ground for the contention of the defendant. It would be a contradiction in terms to say that the insurance company insured property while located in a place expressly prohibited by the policy. But the space clause is not unqualified in its call for a clear space of 100 feet. It specifies certain exceptions, including sorting sheds, platforms, bins, freight cars, and a shipping office. It also permits the loading and unloading and transportation of lumber and timber products within and across such clear space. The property destroyed at points "A" and "D" were within the express permission of this space clause. There is no claim that the covenant of the space clause was violated. The claim is that insurance was not contemplated within the clear space of 100 feet. It will be noticed that the first clause which we have above quoted is professedly descriptive. It purports broadly to insure the property described therein while contained in yard No. 3. Treating the space clause as qualifying the description by fair implication only, why should it be said that it withdraws insurance from property in a lo-

cation which has been expressly permitted to it in such space clause? Inasmuch, therefore, as the descriptive clause of the policy purports to cover the full location of the yard No. 3, the space clause should not be deemed by mere implication to withhold insurance from property permitted in said location by the express terms of the clause in question. If the location of the destroyed property had involved a breach of the covenant of the space clause, we should look with more favor upon the contention of the defendant.

Inasmuch, however, as the property destroyed was located at a place where the space clause expressly permitted it to be, it fairly remained within the operation of the first descriptive clause above quoted. Nothing less than a direct statement should be deemed sufficient to take it out from under the operation of the general terms of the policy. We reach the conclusion, therefore, that the trial court erred in holding that the property thus destroyed was upon a prohibited location, and outside of the terms of the policy. The judgment below is, accordingly, reversed, and a new trial ordered.—*Reversed and remanded.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.