[Civil No. 2561. Filed February 21, 1927.]

[253 Pac. 440.]

QUEEN INSURANCE COMPANY, a Corporation, Appellant, v. H. M. WATSON and RASMUS NIELSON, Doing Business Under the Name and Style of ARIZONA GINNING COMPANY, Appellees.

Messrs. Armstrong, Lewis & Kramer, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellees.

ROSS, C. J.—H. M. Watson and Rasmus Nielson, doing business as Arizona Ginning Company, a partnership, were the holders of a valid and subsisting fire policy in the Queen Insurance Company, and on September 28, 1924, they suffered damages, by a fire of unknown origin, to seventeen bales of cotton, resulting in an almost total loss, and, the insurance company refusing to pay such loss or damages, this suit was instituted to compel payment. A jury trial resulted in a verdict for the full amount claimed, and judgment was entered accordingly.

The defendant insurance company, appealing, makes several assignments of error. However, there is but one question, and that is whether the damaged or destroyed property was covered by the policy. This question was raised by defendant in a motion for an instructed verdict at the close of the plaintiff's case, and renewed at the close of the whole case. This, it is readily seen, involves the construc-

tion of the policy, which, if the facts are undisputed, is a question of law, but, if disputed, a question of fact for the jury. Whether it is the one or the other depends upon the effect to be given to a "clear space clause" affixed to the policy. The policy is on the New York standard form. In the space left blank for that purpose is pasted a typewritten sheet containing a description of the property insured and several riders. Such description and the "clear space clause," are as follows:

"On cotton and/or linters in bales, owned or held by the assured in trust or on commission, or on joint account with others, or sold but not removed, contained in or on the premises of the assured, known as their cotton yards, and in or on cars on tracks on or adjacent to said premises, or while being transported from yards to cars, situate at or near Buckeye, in Maricopa county, Arizona. . . . "

"Clear space clause: Warranted by the assured that a clear space of not less than 100 feet shall be maintained between the cotton above described and any cotton gin, mill or other building. A breach of this warranty suspends this insurance during such breach. . . . "

The learned trial court, in consonance with the plaintiff's contention, refused to give any force or effect whatever to the clear space clause either as a warranty or as descriptive of the property insured. In rejecting it as a warranty to maintain 100 feet clear space "between the cotton above described and any cotton gin, mill, or other building" or forfeit insurance, we think the court was right. Our statute (paragraph 3440, Civil Code 1913) requires that fire insurance policies shall be written on the "New York standard" form as it was in 1913, when the statute was enacted. *Scottish Union & Nat. Ins. Co.* v. *Phoenix Title & Trust Co.*, 28 Ariz. 22, 235 Pac. 137. It appears that the space clause had not been adopted by New York at that time as a standard

fire policy rider, and therefore, for the purposes of a warranty of any condition of the premises, the space clause was ineffective, and no forfeiture of the insurance would result upon a violation of such warranty.

But, granting that to be so, the rule does not necessarily preclude the court from looking to the space clause for the purpose of ascertaining what the parties intended should be covered by the policy. One of the essentials of every policy, as of all contracts, is certainty of subject matter, and, for the purpose of determining that, it would seem that language inserted in the contract as a part thereof, although ineffective for the purpose for which it was used, might be looked to as an aid, and, when so considered, if the subject matter of insurance is identified, it should be given effect. In other words, the intent of the parties should be carried out, their contract enforced as made, and the insurer required to pay the damages on the property intended by the parties to be insured, and none other.

The competency of a space clause like the one here, inserted in a policy in violation of the Minnesota statutes, as evidence to show what property was insured, was upheld in *Wild Rice Lumber Co.* v. *Royal Ins. Co.,* 99 Minn. 190, 108 N. W. 871; the court saying:

"The parties were not authorized to insert in the policy a provision not contained in the statutory form or expressly authorized by the statute, whereby the insured warranted the maintenance of certain conditions about the premises. But there seems to be no reason why reference may not be made to the added clause for the description and identification of the property which was intended to be insured. The policy must contain a complete description of the property and the statute authorizes the company to print on its policy forms of description and specification of the property insured. In connection with

property of this character, location may be an essential element of description."

In a later case (*Park Rapids Lumber Co.* v. *Aetna Ins. Co.,* 129 Minn. 328, 152 N. W. 732), and after the legislaturè of that state had expressly authorized the insertion of a clear space clause in policies covering lumber, and providing the form of such clause, the court approved the holding in the Wild Rice case in this language:

"If the clear space clause in that case [Wild Rice], then unauthorized by statute, showed that the parties did not intend to insure lumber piled within 200 feet of the mill, though the description of the insured property, read literally, covered all lumber in the yards and in the mill itself, the clear space clause in this case certainly tends to show that the policies were not intended to cover the lumber in this shed, which was but 40 feet from the planing mill. We are asked to overrule the Wild Rice Case, but decline to do so. It is very much in point here, if not absolutely controlling."

In *Tabor Lumber Co.* v. *Liverpool & London & Globe Ins. Co.,* 187 Iowa 71, 170 N. W. 881, the effect of the space clause was considered, the court saying:

"The question before us is whether the space clause above set forth is descriptive of the location of the property, and if yea, whether such description eliminates the particular property in its then location, covered by the above items. We are inclined to the view that the space clause may be considered as aiding the description of the location of the insured property. The only description contemplated of the insured property was that of location. All lumber was insured while within the described location. None was insured while outside the bounds thereof. If the space clause in question were unqualified in its call for a clear space of 100 feet between the insured property and the manufacturing plant, there would be much ground for the contention of the defendant.

It would be a contradiction in terms to say that the insurance company insured property while located in a place expressly prohibited by the policy."

If there are any other cases that have passed upon the effect of the space clause as evidence, counsel have not cited them, nor has our research discovered them. We take it that not only the decided cases, but reason and logic, require that we should take into consideration the space clause to ascertain what property the parties intended to be insured.

The pertinent uncontroverted facts are: The Arizona Ginning Company's plant occupied an area 362.5 feet square, inclosed with a wire fence. In the northwest corner of these premises, well removed from the gin and other buildings, were six sets of concrete troughs, 200 feet long, spaced 20 feet apart, on the east side of which and nearest the gin were markers or posts. On these troughs the baled cotton was supposed to be stored as it left the gin, and at the time there were 164 bales on said troughs. The seventeen bales that were destroyed or damaged were ginned on the 28th of November, dumped on the ground within 10 to 20 feet of the gin, and while there caught on fire during the night.

The space clause conclusively shows that the policy did not cover cotton that close to the gin, but cotton "not less than 100 feet" from "any cotton gin, mill, or other building." It appears also that the rate of insurance on cotton stored on cement troughs was about half as high as on cotton at the gin. Plaintiff Watson, who negotiated the insurance for his firm, testifying, said:

"I have represented an insurance concern over not an especially long period of years. I was more or less familiar with the rates and conditions and manner in which insurance policies of this sort were written, and I knew when I took the rate of $2 and some odd cents that it was a rate that existed in

our gin yard, in our cotton yard. I knew that the gin took a somewhat higher rate than the cotton stored down in the end of the yard, almost double, just about double."

Thus it seems that Watson must have understood that the policy covered only "cotton stored down in the end of the yard," and cotton at least 100 feet from the gin.

The general description of the cotton insured does not cover *all* the cotton on plaintiffs' premises, but only the cotton on that part of premises "known as their cotton yards." Plaintiffs' testimony was to the effect that the "cotton yards" meant all cotton on premises not in buildings, whereas defendant's testimony was that "cotton yards" has a definite meaning in the ginning business, and that it is that part of the premises used for storing the cotton after it is baled. The clear space clause, however, shows plaintiffs cannot be right, for it points out the cotton insured as the "cotton above described"—not less than 100 feet from the gin, mill and other buildings.

Plaintiffs argue that the Wild Rice and the Park Rapids Lumber Company cases were decided upon a different set of facts, and also under laws different from ours, and therefore the rule therein announced should not be followed by us. However, the same question was involved, and that is as to whether a clear space clause, although void as a warranty, could be looked to for evidentiary purposes. Any slight difference in the facts or the law here from the facts or the law in those cases cannot, as we see it, call for a different rule of evidence on that question.

We are of the opinion that the policy itself conclusively showed that the cotton burned was not covered by the contract of insurance, and that it was the duty of the court to have granted defendant's motion for an instructed verdict.

The judgment is reversed and the case remanded, with instructions to dismiss plaintiffs' complaint.

LOCKWOOD and McALISTER, JJ., concur.