BOESKY BROTHERS TWELFTH STREET CORP. *v.* UNITED
STATES FIDELITY & GUARANTY CO.

1. Insurance—Ambiguous Language in Policy.
    Insurance policy containing ambiguous language must be con-
    strued most strongly against insurer.

2. Same—Custodian on Duty—Robbery.
    Corporate officer *held,* not a custodian "on duty" within mean-
    ing of robbery insurance policy, where, after he had closed
    restaurant, he was forced by an armed robber to return to
    it and open safe.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted April 26, 1934. (Docket No. 129, Calendar
No. 37,781.) Decided June 4, 1934.

Assumpsit by Boesky Brothers Twelfth Street
Corporation, a Michigan corporation, against United
States Fidelity & Guaranty Company, a foreign cor-
poration, for sums allegedly due under a robbery
insurance policy. Judgment for plaintiff. Defend-
ant appeals. Reversed, without a new trial.

*Friedman, Meyers & Keys (Aaron Weiswasser,* of
counsel), for plaintiff.

*Payne & Payne,* for defendant.

Butzel, J. Boesky Brothers Twelfth Street Cor-
poration brought suit against the United States
Fidelity & Guaranty Company, on an insurance pol-
icy issued by the latter, to recover a loss by robbery
within the insured's place of business, a restaurant
in the city of Detroit. The policy limited the recov-

ery to robbery from within the insured premises
while "at least one custodian is on duty therein."
On August 14, 1933, Harry Boesky, plaintiff's secre-
tary and treasurer, closed the restaurant at 3:30
a. m. He took two of his employees and some others
to their homes, and then drove to his own home
about five or six blocks from the restaurant. As
Boesky alighted from his automobile, a man jumped
out of a Ford coupe, and forced him, at the point of a
gun, to return to his car, drive back to the restaurant,
unlock the door, and open the safe. Boesky hesi-
tated a few moments before opening the safe, but
with the pressure of the gun at his side, and a warn-
ing by the robber that he would kill him if he did
not "quit stalling," he soon complied. The robber
took a box containing over $830 and escaped, after
warning Boesky under penalty of death to remain
15 minutes longer in the premises.

The sole question in the case is whether recovery
may be had under the circumstances above stated,
on a policy limiting the coverage to theft of property
from within the premises while at least one cus-
todian is on duty therein. The trial judge stated
that the question was not free from doubt, but ren-
dered judgment in favor of plaintiff, basing his deci-
sion upon the general principle that the insurance
company, in order to protect itself against liability,
must insert in the policy language free from all
ambiguity, thus enabling the insured to know the
limitations of his policy. There is no question but
that, in a case of ambiguity, the language must be
strongly construed against the insurer. The courts
have no patience with attempts by a paid insurer to
escape liability by taking advantage of an ambiguity,
a hidden meaning, or a forced construction of the
language in a policy, when all question might have

been avoided by a more generous or plainer use of words. We have gone far in denying any such defense on the part of an insurance company. See *Birgbauer* v. *Ætna Casualty & Surety Co.*, 251 Mich. 614.

The question, however, arises whether there is any ambiguity in the present policy. The construction of the language in question has been before the courts in other cases to which our attention is directed. The factual set-up differs slightly in each of these cases, and the decisions reveal a wide divergence of judicial opinion. The conflict is strikingly illustrated in volume 257 of the Illinois appellate reports. On page 65 appears the case of *Milkes* v. *United States Fidelity & Guaranty Co.*, in which an Illinois court of appeals held that there was no liability; while on page 227 of the same volume is reported the case of *Fee* v. *Zurich General Accident & Liability Insurance Co., Ltd.*, in which another appellate court held that the insurer was liable. *Fox West Coast Theatres, Inc.*, v. *Union Indemnity Co.*, 167 Wash. 319 (9 Pac. [2d] 78), and *Feigenbaum* v. *Ætna Casualty & Surety Co.*, 240 Ill. App. 502, also support plaintiff's position.

We do not believe there is any ambiguity in the language employed in the present policy, limiting recovery to robbery from within the premises while "at least one custodian is on duty therein." The plain meaning and evident purpose of the words "on duty" was that at the time of the robbery there should be someone on duty, who might be able to offer resistance or give an alarm, thus minimizing the risk of loss. When Boesky, with his employees, left the premises, there was no longer anyone on duty therein. When Boesky later returned under coercion by a robber who pressed a revolver against

his side, it cannot be said that he was then on duty. He was no longer a free agent, but, on the contrary, an instrument or means of assisting the robber. He was no longer in a position to perform his duties, which he had ceased to exercise when he first left the premises.

In the case of *H. & S. Pogue Co.* v. *Fidelity & Casualty Co. of New York,* 299 Fed. 243 (in which the circuit court of appeals for the sixth circuit upheld an opinion by the late Judge Hickenlooper, who subsequently became a member of the United States court of appeals), the policy limited recovery to losses occurring while there were two or more adult persons present on duty within the premises. Only one watchman was present when the robbers entered. A second watchman later appeared, and he also was overcome. In denying liability, the court of appeals adopted the language of the trial court, as follows:

" 'Present on duty' includes, not only physical or bodily presence at the place, but a certain amount of freedom for the performance of duties. One wholly unconscious, or wholly deprived of liberty of action, could scarcely be held to be present on duty, although perhaps bodily present. * * * The very purpose of the requirement of the presence of two employees is that, if more than one be present, the chance of giving an alarm or securing the assistance of the police is thereby greatly increased; while one is being overcome the other might possibly escape and bring help. This purpose is clearly defeated if the one has been wholly deprived of his freedom and volition before the other arrives."

We believe the same reasoning applies where the policy requires the presence of only one person on duty, and where that person, after having left the

premises, is brought back under such duress that he can no longer perform his duties.

The judgment is reversed without new trial, and with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.