[Civil No. 4163.    Filed July 1, 1940.]

[104 Pac. (2d) 145.]

A. J. BAYLESS MARKETS, INC., a Corporation, Appellant, v. THE OHIO CASUALTY INSURANCE COMPANY, a Corporation, Appellee.

Messrs. Moore & Romley, for Appellant.

Messrs. Struckmeyer & Flynn, for Appellee.

ROSS, C. J.—A. J. Bayless Markets, Inc., brought this action against the Ohio Casualty Insurance Company on a policy issued by the latter to recover loss by robbery within the insured's place of business, a retail food market located at 816 East Van Buren Street, Phoenix.

About 9:30 P. M., Sunday, November 27, 1938, Henry Etter, general manager of such store, was telephoned at his home that a front window in the store was broken. The caller identified himself as the patrolman on the beat and stated he would wait at the store if Etter would come immediately. While Etter was preparing to answer the call and just as he was approaching his automobile, parked at the side of his home, a man pressed against his back an object, which Etter believed to be a gun, and ordered him into the automobile under a threat of being "blasted." At the same time another man took the wheel of Etter's automobile. They drove around town for a little while and in the meantime tied Etter's hands together, blindfolded him and placed him between the front and back seats. They forced him to divulge the combination of the store safe. When they arrived at the store one

of them stood on the outside and the other entered with Etter and compelled him to unlock the store safe, from which the robber took $1,044.15 in money. The robbers then drove away in Etter's automobile leaving Etter in the store.

The case was tried by the court without a jury and resulted in a judgment for the defendant. The plaintiff has appealed and asks that we declare that it is entitled, under the facts and the law, to judgment for its losses. In other words, plaintiff contends that the loss was covered by the policy.

The policy indemnifies the insured against loss from robbery of the custodian of property *outside* of the premises at any place in America or Canada, but we are not concerned with that feature of the policy. It also indemnifies the insured against loss from robbery *inside* of the premises of the insured. It is the terms of the contract covering this feature of the insurance with which we are concerned, for the facts above recited show that the robbery took place inside insured's premises.

It is admitted that what was done to Etter to obtain the money was robbery as defined by the policy, and there is no question but that Etter was an employee of the plaintiff and the rightful custodian of the plaintiff's store as defined by the policy. Indeed, the only question to be determined is whether the policy required a custodian to be on duty when the inside robbery was committed and if so whether that condition was fulfilled.

The policy provides, as we read it, that the insurance granted is against robbery on the inside of insured's premises, when the property taken is of the kind usual to the insured's business, and "while at least one custodian is on duty therein" between 7:00 A. M. and 7:00 A. M. (24-hour coverage). This condition seems to be a common one in robbery insurance. In *Boesky*

*Brothers Twelfth Street Corp.* v. *United States Fidelity & Guaranty Co.*, 267 Mich. 628, 255 N. W. 307, 308, the holdup was enacted much as this one, and the policy, as we gather from the court's opinion, was evidently identical in some of its details. It is there said:

"We do not believe there is any ambiguity in the language employed in the present policy, limiting recovery to robbery from within the premises while 'at least one custodian is on duty therein.' The plain meaning and evident purpose of the words 'on duty' was that at the time of the robbery there should be some one on duty, who might be able to offer resistance or give an alarm, thus minimizing the risk of loss. When Boesky, with his employees, left the premises, there was no longer any one on duty therein. When Boesky later returned under coercion by a robber who pressed a revolver against his side, it cannot be said that he was then on duty. He was no longer a free agent, but, on the contrary, an instrument or means of assisting the robber. He was no longer in a position to perform his duties, which he had ceased to exercise when he first left the premises."

Like provisions in robbery policies were given the same construction in *Great American Indemnity Co.* v. *Southern Feed Stores, Inc.*, 51 Ga. App. 591, 181 S. E. 115, and in *Goldberg* v. *Central Surety & Ins. Corp.*, 145 Kan. 412, 65 Pac. (2d) 302.

The plaintiff, however, contends that, since the main body of the policy contains no limitation of liability for loss of property "while at least one custodian is on duty," the insertion of such a clause in the "Declarations" on the back of the policy should be treated as mere inducement to the insurer to issue the policy and not a part of the policy. This contention is hardly tenable. The policy begins with these significant words:

" . . . Company DOES HEREBY AGREE WITH THE ASSURED named in Item 1 of the Declarations

forming a part hereof, as respects Money or Securities, or both, and such Merchandise as is described in the Declarations and stated therein to be insured hereunder: . . . ''

and ends as follows:

"XIV. The statements in Items numbered 1 to 17 inclusive in the Declarations hereinafter contained are declared by the Assured to be true. This Policy is issued in consideration of such statements and the payment of the total premium in the Declarations expressed.''

Without the Declarations there would be no way of identifying the insured or his property or provisions agreed upon and inserted in the contract at the time of its making and not contained in the main body thereof.

■■ It is a universal rule that where an insurance policy is ambiguous or susceptible of two constructions, that construction will be given it most favorable to the insured. That is the rule that we have adopted and very consistently followed. *United States F. & G. Co.* v. *California-Arizona Const. Co.*, 21 Ariz. 172, 186 Pac. 502; *Equitable Life Assur. Soc.* v. *Pettid*, 40 Ariz. 239, 11 Pac. (2d) 833; *Peterson* v. *Hudson Ins. Co.*, 41 Ariz. 31, 15 Pac. (2d) 249. But where there is no doubt or ambiguity in a contract of insurance, the rule is that it should be construed as all other contracts.

■ A careful examination of the contract in this case satisfies us that there is no ambiguity in the language employed and, for that reason, the judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.