96 Ariz. 399 (1964)
396 P.2d 20
D.M.A.F.B. FEDERAL CREDIT UNION, Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellee.
No. 7386.
Supreme Court of Arizona. En Banc.
October 22, 1964.
*400 Paul S. Fries, Tucson, for appellant.
Robert W. Browder, Phoenix, for appellee.
LOCKWOOD, Vice Chief Justice.
Plaintiff-insured instituted action against defendant-insurer to recover from the insurer under a Chattel Lien Non-filing Bond issued by defendant to plaintiff. Following the presentation of plaintiff's evidence before the trial court sitting without a jury, the trial judge granted the insurer's motion for involuntary dismissal pursuant to Rule 41(b), Arizona Rules of Civil Procedure, 16 A.R.S. The insured brings this appeal from the granting of the insurer's motion and the judgment entered thereon.
The facts as found by the trial court are as follows: The insured and insurer entered into a contract of insurance on or about March 26, 1957. This policy of insurance was in full force and effect during all the times material to this action. While the policy of insurance was in effect, the insured extended credit to various persons and took certificates of title and/or chattel mortgages from them on certain property as security. On February 16, 1960, in accordance *401 with paragraph 5 Notice-Proof of Loss of insurer's Non-Filing bond, the insured filed with the insurer various "proofs of loss." At the time the insured made its claim against the insurer and at all times material to the action, the insured did not know the location of any of the property represented by the various instruments under which it extended credit. During these times the insured knew only the identity of the persons to whom it had extended credit but did not know the location or the identity of the person, persons, or corporations having possession of the property represented by said instruments or having legal or equitable title thereto.
Paragraph 5 of the policy provides as follows:
"5. NOTICE-PROOF OF LOSS.
The insured shall, upon becoming aware of any loss in respect to an instrument (a) Give notice thereof as soon as practicable to the company or any of its authorized agents and deliver to the company a statement setting forth the account number, if any, of such instrument, the name and last-known address of the buyer or mortgagor thereunder, a description of the property covered thereby, the present value thereof, the location thereof, if known, the date of such instrument, the amount owing on or secured thereby at the time of the acquisition thereof by the insured, and the unpaid balance owing thereon or secured thereby, and (b) exert all reasonable efforts to reduce, eliminate or prevent such loss. Upon failure thereafter to collect the full amount unpaid on or secured by such instrument, the insured shall thereupon file with the company a sworn proof of loss setting forth the total of uncollected balance, if any. The company shall have sixty days after receipt of such proof of loss in which to verify and investigate such claims and make payment, during which time no legal proceedings shall be brought against the company."
In the "Conditions" portion of the policy, the following definition is set out:
"2. LIMIT OF LIABILITY. * * * The term `time of loss' means (a) the time the property represented by the instrument is located by the insured, or (b) the time the person, persons or corporation having legal or equitable title to the property represented by the instrument are located by the insured, whichever occurs first."
The "Exclusions" portion of the policy provides as follows:
"This bond does not apply to: * * * (d) any loss unless either the property represented by the instrument or the person, persons or corporation having possession of the property or having legal or equitable title thereto has been located by the insured at the time claim is made; * * *."
*402 In granting the insurer's motion for involuntary dismissal, the trial court stated the following as its conclusions of law:
"Any loss sustained by plaintiff in the premises is excluded from coverage under Exclusion (d) of the policy of insurance sued upon, for the reason that at the time plaintiff made its claim against defendant, and at all time material hereto, plaintiff had not located and did not know the location of the property represented by the instruments under which it extended credit, nor did plaintiff at such time or at any time material hereto know the location or the identity of the person, persons or the corporation having possession of the property represented by such instruments or having legal or equitable title thereto."
The insured contends that the trial court erred in its ruling because the ruling requires the insured to furnish the insurer with more information than that required by and contained in the Notice-Proof of Loss. The insured urges that having filed proper proofs of loss, it became entitled to payment, and the burden of showing an exclusion rested on the insurer. The insurer's response to this argument is that it has sustained its burden of showing that the exclusion applies.
Since the insured did not know the location or the identity of any persons other than its original buyers or mortgagors who claimed legal or equitable title to the property represented by the instruments, whether the insurer has proved that the exclusion applies depends upon a construction of the exclusion clause of the policy. The issue may be stated as follows: Under this policy, if an insured files a notice-proof of loss in which it gives the last known address of the buyer or mortgagor of the property represented by the instrument, has:
"the person, persons or corporation having possession of the property or having legal or equitable title thereto * * * been located by the insured at the time claim is made * * *"?
In the absence of a statutory provision which will be read into each policy issued thereunder and cannot be contracted away by either party, United States Fidelity and Guaranty Company v. Hirsch, 94 Ariz. 331, 385 P.2d 211 (1963), the principles to be applied in construing an insurance policy have been stated by this Court in a series of decisions and may be summarized as follows: The cardinal principle pertaining to the construction and interpretation of insurance contracts is that the intention of the parties should control. An insurance policy is a contract, and in an action based thereon the terms of the policy must govern. In construing an insurance contract, where there is any ambiguity, or more than one possible construction of the provisions thereof, it is to be construed most strongly *403 against the insurer and in favor of the insured. But, where the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the language used, or expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there. A.J. Bayless Markets v. Ohio Casualty Ins. Co., 55 Ariz. 530, 104 P.2d 145 (1940); Berry v. Acacia Mut. Life Ass'n, 49 Ariz. 413, 67 P.2d 478 (1937); Peterson v. Hudson Ins. Co., 41 Ariz. 31, 15 P.2d 249 (1932); Equitable Life Assur. Soc. of the United States v. Pettid, 40 Ariz. 239, 11 P.2d 833 (1932); Queen Ins. Co. v. Watson, 31 Ariz. 340, 253 P. 440 (1927).
The intent of the parties can be determined by considering the purpose of this type of insurance protection. A "Credit Union Chattel Lien Non-Filing Bond" is designed to provide a creditor a substitute for the protection it gets by filing its liens. The purpose of recording is to protect the mortgagee's lien "as against creditors of the mortgagor and subsequent purchasers and encumbrances of the property in good faith and for value * * *". See A.R.S. § 33-753. Considering the plain and ordinary meaning of the language of the policy and its purpose in light of the recording statute, it is clear that the original buyer or mortgagor of the property does not qualify as "the person, persons or corporation having possession of the property or having legal or equitable title thereto * * *." Accordingly, we hold that the insurer sustained its burden of showing the applicability of the exclusion when it elicited testimony from the insured that the insured did not know the identity or location of the persons having legal or equitable title to the property at the time it made its claim.
The insured's second assignment of error is that the insurer asserted one defense to liability prior to suit and thus waived its right to assert any other defense in the trial court. The correspondence between the parties shows that the insurer placed more emphasis on the alternative requirement that the insured locate the chattels. However, the insurer quoted the full text of exclusion "d" in its first reply letter to the insured. In the trial court the insurer prevailed because it had proved that the insured had complied with neither of the requirements of exclusion "d". Thus, the insured is in error in asserting that the insurer relied on a different defense in the trial court than it had asserted prior to trial. Accordingly, the facts upon which the insured bases its claim of waiver do not exist. There is no merit in the second assignment of error.
Judgment affirmed.
UDALL, C.J., and STRUCKMEYER, BERNSTEIN, and SCRUGGS, JJ., concurring.