489 P.2d 244

**The HOME INDEMNITY COMPANY, a foreign corporation, Appellant,**

**v.**

**George Brice WILSON et al., Appellees.**

**No. 10346.**

Supreme Court of Arizona,
In Division.

Oct. 8, 1971.

Rehearing Denied Nov. 4, 1971.

Jennings, Strouss & Salmon by William R. Jones, Jr. and Gary L. Stuart, Phoenix, for appellant.

George W. Oglesby, Phoenix, for appellees, Carpenter and Bailey.

HAYS, Vice Chief Justice.

The facts pertinent to the disposition of this appeal are as follows:

Appellant, The Home Indemnity Company, a foreign corporation (hereinafter referred to as Home), issued to Valley Custodial Service, Inc. (hereinafter referred to

as Valley) and Trans-Mesa Corporation, two corporations wholly owned by Edwin Fritz and his wife, a comprehensive general liability insurance policy which included coverage of all vehicles owned by the insured and listed in the policy schedule.

In May, 1966, appellee, George Brice Wilson (hereinafter referred to as Wilson), sold a tax accounting practice to Fritz. As part of the consideration for the purchase of this practice, Fritz agreed to use and did use the credit of Valley to purchase for Wilson a 1966 Chevrolet pickup truck with camper. The title to this truck, however, did not pass to Wilson but was retained in the name of Valley for security purposes.

Although the automobile liability insurance coverage on the above-mentioned vehicle was initially carried by Wilson, the following endorsement was added on August 1, 1967, to the automobile schedule of the Home Policy issued to Valley:

"ADD:

| | NEW PREMIUM | ADDITIONAL PREM. |
|---|---|---|
| 1966 CHEVROLET ¾ Ton Pickup E# C2546Z137986 Class 6 | | |
| BI | 23.00 | 17.00 |
| PD | 13.00 | 8.00 |
| MP | 11.00 | 8.00 |
| UM | 4.00 | 3.00 |
| Comp F & T | 42.00 | 31.00 |
| $100 Ded Coll | 48.00 | 36.00 |

Loss Payable: GMAC
1121 E. Missouri Avenue
Phoenix, Arizona 85014

It is understood and agreed that George Wilson, is included as an additional named insured as regards the operation of the above 1966 Chevrolet Pickup S#2546Z137986 only."

On August 15, 1967, while the Chevrolet pickup was disabled and while he was using a substitute 1956 Pontiac automobile not listed under the schedule of the Home policy, Wilson was involved in a collision with a vehicle owned by appellee Tommie Joe Carpenter and occupied by appellees Katherine Elizabeth Carpenter, his wife; and Tommie Joe Carpenter, Jr., and Carolyn Ann Bailey, both minors. As a result of this accident, each appellee sustained either personal injuries or property damage and each instituted suit against Wilson on August 25, 1967, in the Maricopa County Superior Court, Cause No. 203679, and alleged that Wilson had operated his vehicle in a negligent and careless manner.

Wilson responded to appellees Carpenter and Bailey's suit with a demand upon Home to defend him in the action in accordance with the terms of the policy issued to Valley since, pursuant to the August 1, 1967 endorsement, such policy was in full force and effect as to him. Home, however, disagreed with this assertion and filed a complaint for declaratory judgment in the Superior Court of Maricopa County on January 22, 1969 and sought a declaration: (1) that the general comprehensive liability insurance issued to Valley was of no force and effect with respect to the action in Maricopa County Superior Court Cause No. 203679; (2) that Home had no obligation to Wilson or any of the other appellees under or by reason of its policy of insurance issued to Valley; and (3) that Home had no obligation to defend Wilson in Cause No. 203679 or to settle or compromise the other appellees' claims against him or to pay any judgment rendered in appellees' favor against him or his wife.

Appellees Carpenter and Bailey filed an answer and counterclaim to Home's complaint on February 13, 1969 and alleged that even though Wilson was driving a vehicle not listed within the Home policy at the time of the accident, he was still a named insured by virtue of the August 1, 1967 endorsement. Therefore, contended appellees, Home was obligated to pay, within the limits of its policy, any judgment obtained against Wilson.

Appellees, George Wilson and Cairie Wilson, failed to make a timely response to Home's complaint, though served with process on January 24, 1969, and Home caused a default to be entered against them on February 17, 1969, at 9:55 a. m. In addition to the entry of default, Home simultaneously filed a reply to appellees Carpenter and Bailey's counterclaim and included therein a denial of liability and a request

for dismissal. Also on February 17, 1969, but at 11:35 a. m., Wilson and his wife, in propria persona, filed an answer to appellant's complaint. It does not appear, however, that any effort was ever made by Wilson to either transmit this answer to appellant's counsel or to set aside the entry of default. Therefore, on February 25, 1969, default judgment was formally rendered against Wilson and in favor of Home.

Both appellant and appellees Carpenter and Bailey thereafter filed motions for summary judgment and a December 16, 1969 date for oral argument was set. On the appointed date for oral argument, however, the trial court heard not only the respective motions for summary judgment, but also the oral argument of Wilson who personally appeared with a motion to set aside the default and default judgments entered more than nine months prior, as well as a motion to join with appellees Carpenter and Bailey in their motion for summary judgment. At the completion of the various arguments, the trial court took the matters presented under advisement.

On January 12, 1970, the trial court entered an order, by minute entry, as follows: (1) granting the motion of Wilson to set aside the default and default judgments previously entered and the motion to join with the remaining appellees in their motion for summary judgment; (2) making an express finding that Wilson was a "named insured" under the Home policy by virtue of the endorsement of August 1, 1967, and that liability coverage under said policy extended to him with respect to the accident of August 15, 1967; and (3) denying Home's motion for summary judgment. On January 28, 1970, the formal written judgment was signed in accordance with the minute entry, and Home brought this appeal.

The first of several contentions urged upon us by Home in this appeal involves the degree of coverage afforded Wilson under the policy issued to Valley. Home contends that Wilson was "an additional named insured" under the Valley policy with respect to the 1966 Chevrolet pickup only, and that the 1956 Pontiac being driven by Wilson at the time of the accident was neither scheduled nor covered under the Valley policy. Therefore, urges Home, the finding of the trial court that liability coverage extended to Wilson in his operation of the 1956 Pontiac on the day of the accident was completely erroneous.

Appellees respond to Home's position with the following contentions: (1) that the August 1, 1967 endorsement was nothing more than an acknowledgment that Wilson had no insurable interest in any of the other property owned by Fritz and covered by the policy except the Chevrolet pickup; (2) that Wilson was not protected as to any hazard covered under the policy except the operation of a motor vehicle, but that as to the Chevrolet pickup he was a named insured; and (3) that a clause in the automobile liability portion of the Home policy, by way of analogy with a provision in the medical coverage portion of the same policy, afforded temporary substitute vehicle coverage for a named insured and thereby covered Wilson in his use of the Pontiac on the day of the accident. We find these arguments to be not only unpersuasive but also unsupported by the terms of the Home policy.

In D.M.A.F.B. Federal Credit Union v. Employers Mutual Liability Insurance Company of Wisconsin, 96 Ariz. 399, 396 P.2d 20 (1964), we said:

"[T]he principles to be applied in construing an insurance policy have been stated by this Court in a series of decisions and may be summarized as follows: The cardinal principle pertaining to the construction and interpretation of insurance contracts is that the intention of the parties should control. An insurance policy is a contract, and in an action based thereon the terms of the policy must govern. In construing an insurance contract, where there is any ambi-

guity, or more than one possible construction of the provisions thereof, it is to be construed most strongly against the insurer and in favor of the insured. *But, where the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the language used, or expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there.* A. J. Bayless Markets v. Ohio Casualty Ins. Co., 55 Ariz. 530, 104 P.2d 145 (1940); Berry v. Acacia Mut. Life Ass'n, 49 Ariz. 413, 67 P.2d 478 (1937); Peterson v. Hudson Ins. Co., 41 Ariz. 31, 15 P.2d 249 (1932); Equitable Life Assur. Soc. of the United States v. Pettid, 40 Ariz. 239, 11 P.2d 833 (1932); Queen Ins. Co. v. Watson, 31 Ariz. 340, 253 P. 440 (1927)." 96 Ariz. at 402–403, 396 P.2d at 22–23 (Emphasis added.)

The provisions of the Home policy with respect to the coverage afforded Wilson are clear and unambiguous upon their face and unquestionably indicate that Wilson was "an additional named insured" under the policy in his operation of the 1966 Chevrolet pickup only, and was not "an additional named insured" in his operation of any other non-scheduled vehicle, *i. e.,* the 1956 Pontiac. To hold otherwise would be a perversion of the plain and ordinary meaning of the language used in the insurance contract.

Therefore, we find that Wilson was not "an additional named insured" under the provisions of the Home policy in his operation of the 1956 Pontiac and that Home is thereby relieved of any further obligation to any of the appellees with respect to the August 15, 1967 accident.

Judgment of the Superior Court of Maricopa County is reversed and the cause remanded for proceedings not inconsistent with the foregoing decision.

STRUCKMEYER, C. J., and UDALL, J., concur.