491 P.2d 463

**AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation, Appellant,**

v.

**Leroy J. SCOTT, Appellee.**

**No. 10438.**

Supreme Court of Arizona, In Division.

Dec. 13, 1971.

Rehearing Denied Jan. 4, 1972.

Rawlins, Ellis, Burrus & Kiewit, Phoenix, by Norman D. Hall, Jr., for appellant.

VanLandingham & Little, Phoenix, by John VanLandingham, for appellee.

HAYS, Vice Chief Justice.

On March 1, 1968, plaintiff-appellee, Leroy J. Scott (hereinafter referred to as Scott), while driving an automobile owned by his employer, Harold Yauger, was involved in an automobile accident. As a result of this accident, Scott incurred $1,663.15 in medical expenses and subsequently submitted a claim for this amount to his employer's automobile liability insurer and received payment thereon.

Thereafter, Scott also presented his $1,663.15 claim for medical expenses to defendant-appellant, Aetna Casualty and Surety Company (hereinafter referred to as Aetna) and requested payment according to the medical pay provisions of an automobile insurance contract held by him with Aetna. Aetna, however, refused to pay this claim on the grounds that pursuant to the "Other Insurance" clause of its policy issued to Scott, the medical expense coverage with respect to a non-owned automobile was only excess insurance over other valid and collectible insurance and thereby precluded Scott's recovery of medical expenses already paid by his employer's insurer. The "Other Insurance" clause of the Aetna policy provides in part as follows:

"Liability and Medical Expense Coverages. If the Insured has other insurance against a loss to which the Liability Coverage applies or other automobile insurance affording benefits for medical expenses against a loss to which the Medical Expense coverage applies, . . . the insurance with respect to a temporary substitute or non-owned automobile shall be excess insurance over any other valid and collectible insurance . . . ."

After his request for payment was denied, Scott filed suit in the Superior Court of Maricopa County against Aetna for breach of its insurance contract with him. Both parties thereafter filed motions for summary judgment and the Superior Court found that Aetna was liable for Scott's medical expenses by virtue of the particular language utilized in the "Other Insurance" clause of the Aetna policy. Aetna brought an appeal from this decision.

Aetna urges in this appeal that the terms of its "Other Insurance" clause are unambiguous and clearly indicate that if there is any other type of insurance available to the insured from which he can collect, then its policy affords only excess coverage over and above that which is available. As applied to the instant case, contends Aetna, the "Other Insurance" clause would preclude Scott from recovering an additional $1,663.15 in medical expenses from Aetna since he had already collected the full amount of these expenses from another available insurance source, i.e., Harold Yauger's automobile insurer.

Conversely, Scott argues that pursuant to the plain meaning of the "Other Insurance" clause, the Aetna policy provides only excess coverage if the named insured, himself, has provided for other insurance against the loss for which the Aetna policy affords coverage. Under any other circumstances, contends Scott, the Aetna policy provides primary coverage to the named insured for any medical damages incurred even if such insured is able to collect on these same damages from another insurer with whom he has not contracted. It therefore logically follows, urges Scott, that Aetna must respond as a primary insurer for his medical damages since he failed to have, in conformity with the terms of Aetna's "Other Insurance" clause, other insurance available to cover the loss.

In D.M.A.F.B. Fed. Cr. U. v. Employers Mut. Life Ins. Co. of Wis., 96 Ariz. 399, 396 P.2d 20 (1964), we said:

"In construing an insurance contract, where there is any ambiguity, or more than one possible construction of the provisions thereof, it is to be construed most strongly against the insurer and in favor of the insured. * * *"

In light of the foregoing, we find that the provisions of the "Other Insurance" clause of the Aetna policy are definitely susceptible to more than one possible construction and therefore must be construed most strongly against the insurer. As a result, we find that Aetna is liable to Scott under the medical pay provisions of its policy issued to him.

Judgment of the Superior Court of Maricopa County affirmed.

UDALL and CAMERON, JJ., concur.