**CARRIERS INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellant,**

and

**Hartford Fire Insurance Company,**
**Defendant-Appellee.**

No. 74–1330.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 21, 1975.

Decided March 4, 1975.

Rehearing Denied April 4, 1975.

Bill E. Fabian, Kansas City, Kan. (McAnany, Van Cleave & Phillips, Kansas City, Kan., on the brief), for plaintiff-appellee Carriers Ins. Co.

David C. Trowbridge, Kansas City, Mo. (Donald F. Martin, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., and John J. Bukaty, Jr., Kansas City, Kan., on the brief), for defendant-appellant American Home Assurance Co.

John T. Flannagan, Olathe, Kan. (Keith Martin and Payne & Jones, Olathe, Kan., on the brief), for defendant-appellee Hartford Fire Ins. Co.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In 1971 two youths were injured in a vehicular accident. The amount of recovery, determined after jury trial in federal court, is not attacked. In 1975 the insurance companies are still fighting over their respective liabilities. The action before us is for a declaratory judgment. Jurisdiction is based on diversity.

The 582-page record is confusing beyond belief. In the district court there was no trial and the matter was submitted on pretrial order, briefs, and oral argument. The record contains 16 exhibits without any showing how they got there. Included are a mass of papers which, so far as we can ascertain, have nothing to do with the issues. The record references in the briefs are unsatisfactory. Many hours of judicial time have been ill-spent in an effort to sort out the pertinent policy provisions. If it had not been that the fight between insurers delays payment to the injured, the court would have required an appendix and rebriefing.

A sport van owned by Rudolph Chevrolet, Inc., DBA Rudolph Gold Key Auto Lease, of Phoenix, Arizona, and driven by Nicholas Glavas, an Arizona resident, collided at a Kansas intersection with a motorcycle. A negligence action in federal district court in Kansas against Rudolph and Glavas resulted in the dismissal of Rudolph and a judgment for $211,025 against Glavas.

Four insurance companies are involved. Carriers Insurance Company brought a declaratory judgment action against Planet Insurance Company and Glavas. By amendment American Home Assurance Company and Hartford Fire Insurance Company were joined as defendants. The court held that Hartford was not liable. The order of liability of the others was determined to be (1) Carriers, (2) Planet, and (3) American Home.

Planet issued an automobile liability policy to Glavas as named insured and

provided for coverage of non-owned automobiles. After district court judgment herein, Planet paid to the court registry $100,000, the limit of its policy. We are not concerned with its order of liability.

Carriers issued to Rudolph an automobile liability policy with limits of $10,000/$20,000/$5,000. The policy contained an excess liability endorsement with $100,000/$300,000 limits. The district court imposed primary liability on Carriers under the policy provisions with the lesser limits. Carriers has not appealed and, accordingly, the district court judgment is conclusive on primary liability.

American Home issued to Rudolph and its rental agency as named insureds an umbrella liability policy. Hartford issued to Rudolph as named insured a comprehensive automobile and garage liability policy. These two policies will be discussed later.

A threshold question is the status of Glavas. Rudolph, the owner of the van, operated a garage and conducted a car-rental business. Rudolph furnished the van to Glavas for a vacation trip. There is evidence that neither Glavas nor anyone acting for him paid, or was obligated to pay, any rental charge for the use of the van. The pretrial order recited the contentions of Carriers and American Home that Glavas was a gratuitous bailee and stated that the case presented no question of fact. Although all parties had notice of the pretrial order and an opportunity to object thereto, no objection was made. Thereafter, Hartford argued that Glavas was a rentee or lessee. Hartford says that its failure to object to the pretrial order was the result of excusable inadvertence and mistake. We are not impressed. The trial court holding that Glavas was a gratuitous bailee is a reasonable inference from the record. For all purposes of this opinion, we treat Glavas as a gratuitous bailee.

The policies with which we are concerned may be an underwriter's dream but are a court's nightmare. They are filled with circumlocution stating inclusions and exclusions in fine print which is almost unreadable because of poor reproduction.

*Carriers.*

■ The Carriers excess endorsement covers the named insured, its partners and executives and members of their households, and its employees. Glavas does not fit in any of these categories. The endorsement does not cover him as a permissive user. Carriers is not liable under the excess endorsement.

*American Home.*

Rudolph was a named insured in the umbrella liability policy. The definitions found in the declaration portion say:

> "the unqualified word 'Insured', wherever used in this policy, includes not only the Named Insured but also,
>
> \*    \*    \*    \*    \*    \*
>
> with respect to any automobile owned by the Named Insured  \*  \*, any person while using such automobile  \*  \*  \* provided the actual use of the automobile is with the permission of the Named Insured, except \*  \*  \* (not applicable)."

Endorsement No. 2 says that the automobile liability coverage applies only to the named insured and not to a rentee or lessee. The endorsement does not purport to amend the declaration definition which provides that the term "insured" as used in the policy includes a permissive user such as Glavas.

Condition No. 7 of the declaration portion requires underlying insurance. An attached schedule of that insurance includes Aetna with a $1,000,000 limit and describes coverage as automobile liability. Endorsement No. 7 changes the schedule by fixing the Aetna limits at $100,000/$300,000/$25,000 and describing Aetna coverage as automobile liability (leased cars only). Endorsement No. 8 adds to the schedule Ranger Ins. Co. with $500,000 limits and describes coverage as automobile liability (short term rental fleet). Endorsement No. 9 further amends the schedule by deleting

Ranger and adding Carriers Insurance Co. Nothing is said about the coverage of Carriers. We have noted that the Carriers policy with the lesser limits covers permissive users. The result is, and the trial court held, that the American Home policy is excess over the policy of Carriers with $10,000/$20,000/$5,000 limits.

■ The most charitable thing to be said for American Home is that its policy is ambiguous. The general rule is that an ambiguous insurance policy is to be construed in favor of the insured. Prime Drilling Co. v. Standard Accident Insurance Co., 10 Cir., 304 F.2d 221, 223; see also D.M.A.F.B. Federal Credit Union v. Employers Mutual Liability Insurance Company of Wisconsin, 96 Ariz. 399, 396 P.2d 20, 23.

■ All parties agree that we are concerned with Arizona law. Ownership and bailment were in that state and all of the policies were written there. Arizona law, A.R.S. § 28–324, requires the owner of a rented vehicle to have public liability insurance covering the operator against liability arising from negligence in the operation of the vehicle. Carriers says that the statute does not apply because Glavas was a gratuitous bailee. However, the Arizona Financial Responsibility Law, A.R.S. § 28–1170(B)(2), has an omnibus provision which says that a motor vehicle liability policy "shall insure the person named therein and any other person, as insured, using the motor vehicle * * * with the express or implied permission of the named insured." The Arizona Supreme Court has said that the omnibus provision is part of every motor vehicle liability policy. See Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145, 148, and National Union Fire Insurance Company of Pittsburgh, Pa. v. Truck Insurance Exchange, 107 Ariz. 291, 486 P.2d 773, 776. The omnibus provision brings a gratuitous bailee within coverage.

■ American Home argues that Arizona law does not require excess coverage for a permissive user and, hence, the umbrella policy does not provide coverage for Glavas. The answer is that the Financial Responsibility Law permits excess coverage when there is an underlying policy such as here. See A.R.S. § 28–1170(G).

■ Next, American says that it had no intent to cover a permissive user with its umbrella policy and relies on affidavits of one of its underwriters and one of its brokers. We are not impressed by these self-serving, after-the-fact statements. Significantly, they are silent on whether American Home exacted an additional premium for its excess coverage over Carriers policy. Nothing is presented to show the intent of the insured.

Everything considered we are convinced that the American Home policy covers a permissive user such as Glavas. The order of American Home's liability will be treated later.

*Hartford.*

■ Here we have a policy issued to Rudolph· and covering multiple risks. We are concerned with the garage liability portion which, with respect to the automobile hazard, covers

> "any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation * * * is within the scope of such permission * * *."

Automobile Hazard is defined to include

> "the ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of any person."

Rudolph owned the van and permitted Glavas to use it. There is no contention that his use was not within the scope of the permission. Hence, Glavas was covered.

Hartford claims an exclusion under the garage liability portion of the policy which denies coverage of an automobile "while rented to others by the named insured." The holding that Glavas was a

gratuitous bailee makes the exclusion inapplicable.

The district court upheld Hartford's contention that the garage liability portion of the policy did not cover Glavas. The court observed that the use of the van by Glavas for a two-week vacation trip to Kansas at the most "might foster some good will on behalf of Rudolph," and said that this link was "tenuous and remote from actual garage operations as contemplated by the Hartford policy." We do not agree. Nothing in the record permits a distinction between Rudolph and its rental agency. The definition of garage includes "automobile sales agency." Garage operations are defined to mean "the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto." The link was neither tenuous nor remote. Rudolph operated an automobile sales agency and owned the van. Even if Rudolph furnished the van for good will purposes, its action in so doing was incidental to its garage business. The automobile hazard included in garage liability covered the permissive user of an owned car.

■ The statement in Dairyland Mutual Insurance Company v. Andersen, 102 Ariz. 515, 433 P.2d 963, 965, that the intention of the parties controls the construction and interpretation of insurance contracts does not help Hartford. The policy is confusing but not ambiguous. It must be construed according to its terms. See D.M.A.F.B. Federal Credit Union, 396 P.2d at 23, and Prickett v. Hawkeye-Security Insurance Company, 10 Cir., 282 F.2d 294, 301. An undisclosed intent of Hartford cannot prevail over policy terms. The pertinent provisions of the Hartford policy cover a permissive user of an automobile owned by Rudolph. Accordingly, Glavas is within the coverage by Hartford.

*Order of Liability.*

■ Planet has paid and Carriers has not appealed from the judgment imposing primary liability on it to the extent of its $10,000/$20,000/$5,000 policy provisions. The remaining question is the order of liability for American Home and Hartford.

The Hartford policy says:

"The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance."

Counsel for Hartford do not claim, and we have not found, any applicable excess provision in its policy.

The American Home policy says:

"If other collectible insurance with any other insurer is available to the Insured covering a loss also covered hereunder, this insurance shall be in excess of, and shall not contribute with such other insurance."

Other insurance is available under the Hartford policy. American Home is not liable until recovery under the Hartford policy is exhausted.

Coverage is afforded by all the policies mentioned except the Carriers excess endorsement. The order of liability is:

1—Under the Carriers policy with the $10,000/$20,000/$5,000 limits.

2—Under the Planet policy which has been paid to its limit.

3—Under the Hartford policy.

4—Under the American Home policy.

Reversed and remanded for further proceedings in accordance with this opinion. Each party shall bear its own costs. The mandate shall issue forthwith.