SOUTHWEST METALSMITHS, INC.,
an Arizona Corporation,
Plaintiff—Appellee,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY, Defendant—Appellant,

and

American Manufacturers Mutual
Insurance Company, a foreign
corporation, Defendant.

Nos. 02–15732, 02–17098.

D.C. No. CV–00–01453–JAT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Jan. 8, 2004.

Jack R. Cunningham, William F. Begley, Jennings Haug & Cunningham, Phoenix, AZ, William F. Haug, Jennings, Haug & Cunningham, LLP, Phoenix, AZ, for Plaintiff–Appellee.

Paul S. White, Rina Carmel, Tressler, Soderstrom, Maloney & Priess, Los Angeles, CA, Edward Glady, Jr., Shughart Thomson & Kilroy PC, Phoenix, AZ, for Defendant–Appellant.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

Lumbermens Mutual Casualty Company ("LMC") appeals summary judgment in favor of Southwest Metalsmiths, Inc. ("SMI") in a dispute over the scope of insurance coverage available to SMI under a Commercial General Liability policy ("CGL policy") issued by LMC. LMC also appeals the award of attorneys fees to SMI by the district court. Under Arizona choice of law principles, Arizona contract law applies to this dispute. *See Klaxon v. Stentor Elec. Mfg.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Aries v. Palmer Johnson*, 153 Ariz. 250, 735 P.2d 1373, 1380–81 (1987).

Interpreting the Commercial General Liability policy *de novo* under Arizona contract law, we determine that coverage exists under the policy and that none of the exclusions propounded by LMC apply to preclude coverage. We also believe that the district court properly exercised its discretion under Arizona law in awarding attorneys fees and conclude that a reasonable basis exists for the award. Because this is so, we will not substitute our discretion for that of the district court. *See Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1406 (9th Cir.1996).

SMI claims that LMC breached the insurance contract by denying coverage for a property damage claim arising out of work done by SMI's subcontractor on a set of column covers for the State University of New York at Stonybrook. It is undisputed that the claim in question arose out of severe paint delamination on the column covers after they had been affixed to the columns and spandrels at the Stonybrook

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

job site. LMC determined that the claim was not covered under the policy and refused to indemnify SMI for the damage. SMI subsequently hired another subcontractor to repair the affixed covers and now seeks damages in the amount of repair costs.

■ LMC contends that the paint delamination cannot constitute either "property damage" or an "occurrence" under the terms of the policy and therefore coverage does not exist as a threshold matter. The terms of the policy provide coverage for "property damage" defined as "physical injury" to "tangible property." LMC argues that mere diminution in value cannot constitute "physical injury" to "tangible property." We believe this argument fails to address the plain fact that the claim against SMI by the Stonybrook contractor, Stonewall Corp. ("Stonewall"), was not for restitution of diminution of value, but rather for the cost of repair to actual delamination damage ("physical injury") to the column covers as affixed to the columns ("tangible property").

■ LMC also contends that under certain Arizona case law, the district court erred in its conclusion that faulty workmanship by a subcontractor can constitute an "occurrence," defined as an "accidental-an unexpected, unforeseen, or undesigned happening." District Court Order at 7 (Feb. 27, 2002), *referring to Hauenstein v. Saint Paul–Mercury Indemn. Co.*, 242 Minn. 354, 65 N.W.2d 122, 126 (1954). While there is intermediate appellate court precedent for the proposition that a claim of faulty workmanship, without any additional claim of property damage, cannot constitute an "occurrence," *see United States Fidelity & Guar. Corp. v. Advance Roofing & Supply Co.*, 163 Ariz. 476, 788 P.2d 1227, 1233 (1989), there is conflicting case law from the Arizona Supreme Court that indicates that faulty workmanship,

even faulty installation standing alone, may in some cases constitute an "occurrence" under the terms of a CGL policy. *See Univ. Mech. Contractors v. Puritan Ins. Co.*, 150 Ariz. 299, 723 P.2d 648, 650–52 (1986).

Based on an extensive review of Arizona case law as well as that offered from other jurisdictions, there are, at the very least, four possible interpretations of the term "occurrence" under a CGL policy: (1) accidents that include the faulty work of the insured as long as the work causes some collateral damage to tangible property; *see Advance Roofing*, 788 P.2d at 1233; *accord George A. Fuller Co. v. USF & G Co.*, 200 A.D.2d 255, 613 N.Y.S.2d 152, 155 (1994); (2) accidents that include the faulty work of the insured in the form of faulty installation standing alone; *see Puritan Ins. Co.*, 723 P.2d at 651; (3) accidents that include the faulty work of the subcontractor that are unforeseen; *see, e.g., Fejes v. Alaska Ins. Co.*, 984 P.2d 519, 523 (Alaska 1999); *Hauenstein*, 65 N.W.2d at 126; and (4) accidents that do not include faulty workmanship by the subcontractor. *See, e.g., Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 374–75 (Okla.1991); *Oak Crest Constr. Co. v. Austin Mut. Ins. Co.*, 329 Or. 620, 998 P.2d 1254, 1257–58 (2000). One of the cardinal principles of Arizona contract interpretation is that "where there is any ambiguity, or more than one possible construction of the provisions thereof, [the provision] is to [be] construed most strongly against the insurer and in favor of the insured." *D.M.A.F.B. Fed. Credit Union v. Employers Mut. Liab. Ins. Co.*, 96 Ariz. 399, 396 P.2d 20, 22 (1964). These differing interpretations render the provision ambiguous and we therefore construe it strictly in favor of providing coverage. *Id.* The district court's conclusion that the faulty work of SMI's subcontractor was an unforeseen accident constituting an "occur-

rence" under the terms of the CGL policy seems not only reasonable but perfectly appropriate.

■ Neither of the exclusions that LMC relies upon preclude this coverage. Under the plain language of the "your work" exclusion, the subcontractor exception applies to the work done by SMI's subcontractor, All Pro, in applying the paint to the column covers. Likewise, the "real property" exception to the "your product" exclusion applies to the column covers, because the "occurrence" of paint delamination did not occur until after the covers were affixed to the columns. Under the Arizona common law definition of "real property," the covers became part of the real estate at Stonybrook once they were affixed to the columns. *See Fish v. Valley Nat'l Bank of Phoenix,* 64 Ariz. 164, 167 P.2d 107, 111 (1946). When repairs were made to the covers, they remained affixed to the columns and were not removed to facilitate repairs, reinforcing the real property determination.

■ As a final matter, we note that under the plain terms of the contract, coverage, if it exists, is triggered when the insured becomes "legally obligated" to pay damages. Although Stonewall never filed a lawsuit against SMI, SMI remained legally obligated to repair the damage to the columns under the terms of its contract with Stonewall. Coverage was therefore triggered by Stonewall's claim against SMI. Because this coverage is not precluded by any exclusion, summary judgment by the district court was appropriate.

■ We review the award of attorneys fees and the procedures implicated to determine that award for abuse of discretion. The district court has broad discretion in interpreting its own local rules, including decisions to bypass the rules for efficiency purposes. *See United States v. Simmons,*

476 F.2d 33, 35 (9th Cir.1973). The district court did not abuse its discretion nor deprive LMC of notice or the opportunity to be heard by deeming SMI's memorandum in support of proposed form of judgment to be a motion for attorneys fees, thereby bypassing the specific provisions of local rule 2.20. Moreover, because a reasonable basis existed for the district court's award and it properly applied the relevant law, we will not substitute our discretion for its own. *Newbery Corp.,* 95 F.3d at 1406.

AFFIRMED.