[Civil No. 2348. Filed July 23, 1925.]

[238 Pac. 338.]

# M. B. WATSON, S. J. JENNINGS and W. L. TROUT, Copartners Doing Business Under the Firm Name and Style of PIMA GINNING COMPANY, Appellants, v. THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, a Corporation, Appellee.

1. TRIAL—DECISION OF TRIAL COURT, IN CASE NOT TRIED BY LOCAL JUDGE, NOT SUBSTITUTE FOR FINDINGS OF FACT.—A written decision of trial judge, filed under Civil Code of 1913, paragraph 346, in case not tried by local judge, does not take place of findings of fact required by the statutes (paragraph 528).

2. INSURANCE—ATTEMPTED CANCELLATION OF POLICY BY INSURER'S SUBAGENT, ON MISREPRESENTATION OF FACTS TO PRINCIPAL, HELD INEFFECTUAL.—Where insurer issued indemnity insurance policy to employer, and its agent had sufficient funds of employer to pay premium, an attempted cancellation made at request of insurer's subagent, on misrepresentation of facts made by him to his principal, was ineffectual.

3. INSURANCE—NOTICE GIVEN 91 DAYS AFTER LOSS NOT "IMMEDIATE NOTICE."—Policy requiring "immediate notice" of loss was not complied with by notice not given until 91 days after loss occurred.

4. INSURANCE—POLICY CONSTRUED MOST STRONGLY AGAINST INSURER.— Insurance policies are construed most strongly against insurer, especially when an alleged forfeiture for failure on part of insured to perform a condition subsequent is concerned.

5. INSURANCE — WHEN FAILURE TO GIVE NOTICE EXPRESSLY MADE GROUND OF FORFEITURE, PLAIN LANGUAGE OF CONTRACT GOVERNS.— If failure of insured to give notice of loss is expressly made ground of forfeiture, plain language of contract governs, and generally there can be no recovery when giving of notice in time and manner specified is made condition precedent to liability.

6. INSURANCE—FAILURE TO GIVE TIMELY NOTICE AND PROOF MERELY POSTPONES BRINGING OF SUIT WHEN NOT EXPRESSLY MADE GROUND

4. See 14 R. C. L. 926.

5. See 14 R. C. L. 1326.

6. Effect of failure to give notice or make proof of loss within time required in policy in the absence of forfeiture clause, see note in L. R. A. 1915F, 1210. See, also, 14 R. C. L. 1326.

OF FORFEITURE.—When insurance policy contains no express provision making failure to give notice of loss ground of forfeiture, failure to make proof in time required merely postpones bringing of suit.

7. INSURANCE—INSURED'S FAILURE TO GIVE IMMEDIATE NOTICE HELD NOT TO BAR RECOVERY, WHERE NOT MADE EXPRESS GROUND OF FORFEITURE.—There being no provisions in policy in question, expressly making failure to give immediate notice and proof of loss ground of forfeiture, insured's failure to give notice for 91 days did not of itself bar recovery on policy.

8. INSURANCE—INSURED RELIEVED FROM COMPLYING WITH ANY FURTHER CONDITION SUBSEQUENT AFTER INSURER'S REPUDIATION OF LIABILITY.—Where indemnity insurer repudiated all liability under its policy without reason, insured was relieved from complying with any further condition subsequent, and authorized to settle on best possible terms and recover under terms of policy.

9. INSURANCE—INSURED ENTITLED TO RECOVER REASONABLE EXPENSES AND ATTORNEY'S FEES, WHERE INSURER REPUDIATED LIABILITY WITHOUT REASON.—On indemnity insurer repudiating all liability under its policy, assigning no reason therefor, insured was entitled to recover reasonable expenses and attorney's fees in suit on policy.

---

See (1) 38 Cyc., p. 1961.    (2) 36 C. J., p. 1070 (Anno.).    (3) 36 C. J., pp. 1103, 1104.    (4) 32 C. J., pp. 1152, 1155, 1157.    (5) 36 C. J., p. 1104.    (6) 36 C. J., p. 1105.    (7) 36 C. J., p. 1105.    (8) 36 C. J., p. 1116.    (9) 36 C. J., p. 1090.

APPEAL from a judgment of the Superior Court of the County of Maricopa. A. S. Gibbons, Judge. Judgment reversed and cause remanded.

Messrs. Armstrong, Lewis & Kramer, for Appellants.

Mr. Griffith R. Williams, Mr. J. Early Craig, and Mr. Frederick H. Griffith, for Appellee.

LOCKWOOD, J.—M. B. Watson, S. J. Jennings, and W. L. Trout, copartners as Pima Ginning Company, hereinafter called plaintiffs, were engaged in the cotton ginning business in Maricopa county during 1921 and 1922. At the time E. J. Bennitt & Company were local agents for a number of insurance com-

panies, among them the Ocean Accident & Guarantee Corporation, Limited, a corporation, hereinafter called defendant, with power to place policies, collect the premiums and remit them, but not to issue or cancel policies. Frank Mosshammer was manager of the insurance department of Bennitt & Company, and conducted all matters involved in this action on behalf of Bennitt & Company and the defendant, except as hereinafter set forth. In July, 1921, plaintiffs took out a policy of indemnity insurance in Maryland Casualty Company through Mosshammer. The rule with policies of this nature in regard to payment of premium was that the policy-holders should make a deposit of One Hundred Dollars ($100) when the policy was issued, and thereafter pay premiums based on their pay-roll from time to time. The premium on the aforesaid policy was duly paid in accordance with this rule to Bennitt & Company. The policy would have expired in July, 1922. Some time before that date Mosshammer asked permission of plaintiffs to change the policy for one in defendant company. Plaintiffs were satisfied with the Maryland Casualty Company and at first objected, but, on Mosshammer's representation that they could get better service from defendant, they finally agreed to the change. The Maryland Casualty Company policy was then canceled and a new policy issued by defendant, the material conditions of which, so far as this suit is concerned, were as follows:

"B. This policy may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective."

"F. This employer, upon the occurrence of an accident, shall give immediate written notice thereof to the company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If thereafter suit or other proceeding is instituted against

this employer, he shall immediately forward to the company every summons, notice, or other process served upon him. Nothing elsewhere contained in this policy shall relieve this employer of his obligations to the company with respect to notice as herein imposed upon him.''

"The . . . company . . . agrees . . . to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees . . . and to pay all costs taxed against this employer in any legal proceeding defended by the company . . . and all expenses incurred by the company for investigation, negotiation, and defense.''

After the cancellation of the Maryland policy there was $100 credit to plaintiff on the books of Bennitt & Company, which was the amount necessary to be paid down on the new policy; the remainder of the premium accruing from time to time as it did under the old. Plaintiffs had instructed Mosshammer to deliver this policy to their attorneys, Armstrong, Lewis & Kramer, but he had failed to do so, and the policy was held by Bennitt & Company, without either the knowledge or consent of plaintiffs. In September, 1922, Mosshammer, having some personal difficulties with Mel Fickas, the general agent of defendant, without authority from or the knowledge of plaintiffs, ordered the policy issued by defendant to be canceled, on the ground of nonacceptance by plaintiffs and nonpayment of premium, and applied for another policy with the Maryland Casualty Company, which had not been issued at the time of the fire.

On October 10th, 1922, a fire occurred at the plant of plaintiffs, in which W. H. Early and L. E. Minter, two of their employees, were injured. After the injury, and while the fire was still burning, Mosshammer came to the gin, and one of the plaintiffs stated to him that he supposed the insurance was all right, whereupon for the first time plaintiffs were informed

of the cancellation of the policy issued by defendant. Mosshammer also told plaintiff of his application for a new policy in the Maryland Casualty Company, and that he thought the latter company would be liable. Plaintiffs, however, always felt that the liability, if any, was upon defendant. Apparently no further steps were taken in the matter until Early brought suit against plaintiffs for the injuries which he had received during the fire. Plaintiffs addressed a letter to defendant in care of Bennitt & Company and Mel Fickas, which reads in part as follows:

"You are hereby notified that on October 10th, 1922, the ginning plant of the undersigned, located in Phoenix, Arizona, was partly destroyed by fire and that L. E. Minter and W. H. Early, two of our employees covered by employers' liability insurance policy issued by you in our favor in July, 1922, and expiring July 21, 1923, in order to escape death in the fire, were forced to jump from the third story of the building to the ground. . . . On the 23d of December, 1922, Early filed suit against us, in accordance with copy of summons and complaint attached to the duplicate of this letter, which is being delivered to you by service upon Mr. Fickas, your general agent. We were served on December 28, 1922. We trust that you will undertake the defense of this suit, in accordance with the obligations of your policy. We should be very glad indeed to co-operate with you to furnish you with any additional information which you may desire.
    "[Signed]   PIMA GINNING COMPANY."

To this Fickas replied on January 15th in writing as follows:

"I herewith return the summons and complaint inclosed with your letter to me as agent of the Ocean Accident & Guarantee Corporation, Limited, dated January 9, 1923, for the reason that the Ocean Accident & Guarantee Corporation, Limited, denies all liability."

28 Ariz.—37

Thereafter plaintiffs settled the suit of Early out of court for $788.10. They also paid $296.10 for hospital bills and for investigation of the case and an attorney's fee of $500, and after such settlement sued defendant on the policy referred to for the amount they had expended as above.

The case was heard before the court without a jury. The case was not tried by the local judge, and therefore a decision was filed under the provisions of paragraph 346, R. S. A. 1913 (Civ. Code), and a judgment rendered thereon in favor of defendant. From this judgment plaintiffs have appealed.

The decision of the trial court, filed as above set forth, while instructive as to the reasons leading to the judgment, does not take the place of the findings of fact required by the statutes. *Deatsch* v. *Fairfield,* 27 Ariz. 387, 233 Pac. 887; *Brown* v. *Peterson,* 27 Ariz. 418, 233 Pac. 895; *McClory* v. *McClory,* 38 Cal. 575; Par. 528, R. S. A. 1913 (Civ. Code). Fortunately in this case there is no material conflict in the facts, and the questions are of law entirely.

The first defense is that the policy in question had been canceled. We think there can be no question under the undisputed evidence this defense cannot stand. The policy was duly issued to plaintiffs, and defendant's agent held sufficient funds of theirs, left with him for that purpose, to pay the premium. He had been instructed to deliver the policy to plaintiffs' attorneys, and was never given authority by them to cancel it. The attempted cancellation was made at the request of defendant's subagent, on a misrepresentation of facts made by him to his principal. The policy was therefore in full force and effect at the time of the fire.

Nor do we understand defendant seriously disputed this. Its real contention, as appears from its brief, is that notice was not given of the loss as required

by the policy, and therefore, under its terms, no liability exists. The policy requires that on the occurrence of an accident plaintiffs must give "immediate written notice thereof to the company, with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. . . . " No written notice was given for ninety-one (91) days after the accident, though oral notice thereof was given to Mosshammer immediately. Now while "immediate notice" in a clause like this has been construed to mean a varying period of time in accordance with the circumstances of the case, we do not think any court would go so far as to hold ninety-one (91) days came within the phrase. What, then, was the effect of such failure?

Insurance policies are invariably prepared by the insurer, and are therefore construed most strongly against it, and especially so when an alleged forfeiture for failure on the part of the insured to perform a condition subsequent is concerned. 26 C. J. 72–74, and note.

If the failure to give notice as provided for in the policy is expressly made a ground of forfeiture, of course the plain language of the contract governs, and generally, though not in all jurisdictions, there can be no recovery when giving of the notice, in time and manner as specified in the policy, is made a condition precedent to liability. *White* v. *Home Mut. Ins. Co.,* 128 Cal. 131, 60 Pac. 666; *Teutonia Ins. Co.* v. *Johnson et al.,* 72 Ark. 484, 82 S. W. 840; *Davis et al.* v. *Northwestern Mut. Fire Assn.,* 48 Wash. 50, 15 Ann. Cas. 333, 92 Pac. 881.

But, where there is no such express provision in the policy, the failure to make proof in the time required thereby merely postpones the time of bringing suit, and, if notice and proof are subsequently served, the insured may recover, provided, of course,

the time specified in the policy within which the action may be brought has not expired. *Connecticut Fire Ins. Co.* v. *Colorado Leasing Co.*, 50 Colo. 424, Ann. Cas. 1921C, 597, 116 Pac. 154; *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, 36 Am. St. Rep. 216, 52 L. R. A. 70, 36 S. E. 821; *Southern Idaho Conference Assn.* v. *Hartford Fire Ins. Co.,* 31 Idaho, 130, 169 Pac. 616; *St. Paul Fire & Marine Ins. Co.* v. *Owens,* 69 Kan. 602, 77 Pac. 544.

We have read the insurance policy in question in this case carefully, and can find therein no provision which we think brings it within the first rule, and we therefore hold the failure to give the notice for ninety-one (91) days did not of itself bar recovery on the policy.

The notice of accident and also of suit, as required by the policy, was actually given January 9th, 1923, and on January 15th, defendant in writing repudiated all liability under the policy, assigning no reason therefor. This relieved plaintiffs from the requirement of complying with any further conditions subsequent, and authorized them to settle the suit on the best terms possible, and to recover under the terms of the policy, including their reasonable expenses and attorney's fees, notwithstanding the settlement had not been made by or with the approval of defendant. *St. Louis Beef Co.* v. *Maryland Casualty Co.,* 201 U. S. 173, 50 L. Ed. 712, 26 Sup. Ct. Rep. 400 (see, also, Rose's U. S. Notes); *South Knoxville Brick Co.* v. *Empire State Surety Co.,* 126 Tenn. 402, Ann. Cas. 1913E, 107, 150 S. W. 92.

For the foregoing reasons the judgment is reversed, and cause remanded, with directions to enter judgment in accordance with the prayer of plaintiffs' complaint.

McALISTER, C. J., and ROSS, J., concur.