429 P.2d 708

**Roger LINDUS, a minor child, by and through his Guardian ad Litem, Robert S. Tullar, Appellant,**

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, a corporation, and the Travelers Insurance Company, a corporation, also known as the Travelers Indemnity Company, Appellees.**

**No. 2 CA–CIV 261.**

Court of Appeals of Arizona.

June 30, 1967.

Opinion Supplemented, Rehearing Denied Oct. 2, 1967.

See 6 Ariz.App. 298, 432 P.2d 157.

Fennemore, Craig, Allen & McClennen, by Calvin H. Udall, Phoenix, for appellant.

Spaid, Fish, Briney & Duffield, by William Spaid, Tucson, for appellee Northern Insurance.

Kramer, Roche, Burch, Streich & Cracchiolo, by William P. French, Phoenix, for appellee Travelers Insurance.

HATHAWAY, Chief Judge.

The appellant, Roger Lindus, a minor, brought an action to recover under insurance policies issued by Northern Insurance Company of New York and the Travelers Indemnity Company, both corporations. The plaintiff appeals from a judgment in the lower court in favor of both defendants.

On May 26, 1960, the plaintiff, then a twelve year old resident student at Orme Ranch School, was severely burned by ignited gasoline. The accident occurred when Richard Phillippi, a resident student at Orme Ranch School, was pouring gasoline into the carburetor of a car and William Nelson, then an 18 year old resident student, turned the ignition switch and engaged the starter. The engine backfired and the gasoline can which Phillippi was holding caught fire. He threw the flaming can which struck and seriously burned the plaintiff, a passer-by.

At the time of the accident, William Nelson was not aware that he was insured under either of the defendants' policies. The defendant Travelers was notified of the occurrence in November of 1961 by a Phillippi insurer. The defendant Northern was notified in June of 1962 after the plaintiff had filed a complaint against Orme Ranch School and Phillippi in March of 1962 and Orme Ranch School had filed and served a third party complaint on William Nelson in May of 1962. Both defendants denied coverage under the policies after investigations.

In February, 1963, the plaintiff gave Royal-Globe Insurance Company and Farmers Insurance Group a "covenant not to sue" Orme Ranch School for the consideration of $75,000. A judgment was recovered in March, 1963, against Nelson for $92,500. The plaintiff demanded payment from the defendant insurance companies and upon their refusal to make payment the complaint in this action was filed.

Northern Insurance's answer was filed in June, 1963, which answer raised lack of notice as a defense. Travelers Insurance's answer filed in August contained no reference to notice. However, Travelers did raise the defense of notice in answers to interrogatories at the end of August, 1963.

All of the parties stipulated that all issues of fact and law would be submitted to the court for decision on the basis of depositions, interrogatories and answers thereto, affidavits, pleadings, stipulations, exhibits admitted, and all other matters of which the court would take cognizance on motions for summary judgment made by all the parties.

The questions presented in this appeal are:

1. Whether the notice given was "as soon as practicable" as required under both policies as conditions precedent.

2. If such notice was not given, whether the facts present a reasonable excuse for the failure thereof.

3. Whether the defendants waived the defense of failure of notice.

NOTICE GENERALLY

The plaintiff argues that timely notice was given or alternatively, that the delay in giving notice was excused because: (1) it was "unlikely" that Mr. Nelson or any layman would have recognized the possible liability of William Nelson; (2) the minority of the insured is a circumstance to be considered; and, (3) there was no awareness of the existence of, or possible coverage by, an insurance policy.

■ The purpose of a notice provision is to afford the insurer an opportunity to make a timely and adequate investigation of all the circumstances. American Southern Insurance Co. v. England, 260 F.Supp. 55 (D.C.1966); 18 A.L.R.2d 443, 447. Provisions which require notice to be given "as soon as practicable" are generally construed to mean within a reasonable time after the happening of the event insured against, having in view all the facts and circumstances of the case.

"The true rule * * * must be declared to be that notice is an essential requirement in order to fix liability on the insurer when there has been such an occurrence or accident as would lead the ordinary prudent and reasonable man to believe that it might give rise to a claim for damages."

Nye v. Louis Ostrov Shoe Co., 43 N.E.2d 103 (Ohio App.1942). See also 13 Couch on Insurance, 2d ed., § 49:10, pp. 639–640. When a delay in notice is found to be based upon a reasonable excuse, then the general rule is that "an accepted excuse restores the timeliness of the notice." 18 A.L.R.2d 443, § 18, p. 470; see also 13 Couch on Insurance, 2d ed., § 49:128, p. 716.

■ We must determine whether the circumstances are such as to excuse the 17 months delay in giving notice to Travelers Insurance Company and the two years delay in giving notice to Northern Insurance Company. Each policy must be considered as a whole in determining whether the policies put the insureds on reasonable notice of coverage. Droz v. Paul Revere Life Insurance Co., 1 Ariz.App. 581, 583, 405 P.2d 833 (1965).

## NOTICE AS TO TRAVELERS

■ The Travelers Insurance policy at the top of the first page of the policy is captioned, "Family Automobile Policy." We believe that a reasonable man should take notice from the title of the policy above, that this policy covered any of the family members involved in any accident connected with an automobile.

The defendant Nelson's involvement in the occurrence is clear. When he turned the ignition switch the spark ignited the gasoline. He was forewarned by prior experience with a similar occurrence. Potential liability should have been apparent even to a layman under these circumstances. Although young Nelson was not aware of liability insurance coverage at the time of the accident, it is reasonable to expect that he should have communicated immediately with his parents and particularly concerning insurance. We believe that a reasonable prudent 18 year old boy under the circumstances in which we find the defendant Nelson should foresee that some automobile liability insurance could be involved. The Travelers policy provides:

"The following are insureds under Part I:

* * * * * *

"B. With respect to a non-owned automobile,

"1. The named insured,

"2. Any relative, but only with respect to a private passenger automobile or trailer provided the actual use thereof is with the permission of the owner * * *."

We feel that this wording clearly includes the facts presented in this case and put the defendant on notice that the accident which was a direct result of his operating or attempting to operate the automobile.

Under the fourth condition of the policy entitled "Notice" the insured was to give notice to the insurer "as soon as practicable" in the event of an "accident, occurrence or loss." This notice requirement is made a condition precedent to any actions against the company by condition No. 27:

"No action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *."

■ The trial judge's decision holding for the defendant, Travelers, was based solely on the conclusion that the long delay in notice resulted in direct prejudice to

the defendant and therefore precluded its liability. We do not share the trial court's concern with the issue of prejudice. When notice is made a condition precedent to an action against the insurer the issue of prejudice is immaterial. We find this rule to be almost unanimously followed. In State Farm Mutual Automobile Insurance Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606 at page 615, 18 A.L.R.2d 431 (1950) the court said:

> "But when we come to the consideration of the effect of the inclusion of the clause that the performance of the conditions is a condition precedent to the right of action against the insurer, we find the authorities overwhelmingly in favor of giving full recognition to such provision, in which case the presence or absence of prejudice resulting from a delay in giving notice becomes immaterial."

We cannot agree with the appellant that this well researched opinion is the result of "sophistry based on this supposed distinction" between conditions subsequent and conditions precedent.

The Arizona cases, Massachusetts Bonding and Insurance Co. v. Arizona Concrete Co., 47 Ariz. 420, 56 P.2d 188 (1936) and Watson v. Ocean Accident and Guarantee Corp., 28 Ariz. 573, 238 P. 338 (1925), are not controlling here as claimed by the appellant. In reviewing the Arizona law on this subject including the above mentioned cases the federal court stated in State Farm Mutual Automobile Insurance Co. v. Palmer, 237 F.2d 887, 891, 60 A.L.R.2d 1138 (9th Cir. 1956):

> " * * * those cases involved conditions in which it was not stated in the policy the effect of failure to perform the conditions [including lack of notice]. In the instant cases the conditions are expressly called conditions precedent to the company's liability."

See also State Farm Mutual Automobile Insurance Co. v. Cassinelli, supra, 216 P.2d at page 612 for an excellent discussion of these Arizona cases as not being applicable to cases where notice is made a specific condition precedent to recovery.

■ We conclude that the failure of the insured to give notice to the defendant, the Travelers Insurance Company, is not excused and constituted failure of the express condition precedent and thereby precluded the defendant's liability under the policy.

## NOTICE AS TO NORTHERN

The Northern policy is captioned "Homeowner's Policy." The notice provision, page 4, paragraph four of the policy, provides:

> "When an occurrence takes place written notice shall be given by or on behalf of the insured to this company or any of its authorized agents as soon as practicable."

The policy also contains the further provision:

> "No action shall lie against this company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *."

Notice "as soon as practicable" is therefore made a condition precedent to any liability of the company under this policy. However, as stated above, the requirement that notice be given "as soon as practicable" is generally construed to mean within a reasonable time after the happening of the event insured against, having in view all the facts and circumstances of the case. If the sum of these facts and circumstances can be sufficient to constitute a reasonable excuse for failure to give notice, then such reasonable excuse will restore the timeliness of notice. 13 Couch on Insurance, 2d ed., § 49:128; and, Berry v. Acacia Mutual Life Association, 49 Ariz. 413, 67 P.2d 478 (1937).

It must here be noted again that Travelers, after an investigation, informed the insured, Harvey J. Nelson, on January 23, 1962, that there was no coverage afforded under its policy for the particular accident. No notice was given to the defendant Northern until June 8, 1962, five and one-half months after the insureds had actual knowledge that the occurrence had resulted in their possible liability to the plaintiff.

The third page of the policy is captioned "HOMEOWNER'S POLICY—COMPREHENSIVE PERSONAL LIABILITY PROVISIONS APPLICABLE TO SECTION TWO." Under this, paragraph one states:

"COVERAGE E—COMPREHENSIVE PERSONAL LIABILITY:

"a. Liability: To pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy * * *."

Paragraph five, definitions, states:

"a. 'Bodily injury' means bodily injury, sickness or disease, including death resulting therefrom, sustained by any person * * *."

 Coverage is clearly so broad under the above-quoted provisions that personal injuries received by another as the result of an insured's operation of an automobile (specifically defined and included in the provisions) is included.

Under the "general conditions" of the policy in paragraph two, "definitions," the policy reads, in defining the word "insured":

"The unqualified word 'insured' includes (1) the named insured, and (2) if residents of his household, his spouse, the relatives of either, and any other person under the age of 21 in the care of an insured * * *."

William Nelson was temporarily living at Orme Ranch School and we conclude that he was a resident of the named insured's household under the above definition. As to whether the Orme Ranch School was considered a part of the named insured's or any of the "unqualified insureds'" "premises," definition C under paragraph five of the supplementary definitions states:

"For purposes of section two [where comprehensive personal liability is applied], the definition of 'premises' appearing in the Basic Policy is extended to include * * * premises in which an insured [all unqualified insureds] is temporarily residing, if not owned by an Insured * * *."

 We conclude from a reading of the whole policy that all of the insureds thereunder should reasonably have foreseen possible coverage of the occurrence resulting in injury to the plaintiff. The insureds received actual notice on January 23, 1962 from the defendant Travelers that Roger Lindus was seeking recovery against them for his injuries. Nonetheless, they waited five and one half months before notifying Northern of the incident. The failure of any of the insureds to give notice to the defendant Northern constituted a failure of the express condition precedent and thereby precluded the defendant's liability under the policy.

### WAIVER

 Viewing all the facts, we cannot find that either company waived its defense of failure of notice. Waiver is a "voluntary and intentional relinquishment of a known right." In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497 (1948) and Arizona Title Guarantee and Trust Co. v. Modern Homes, Inc., 84 Ariz. 399, 330 P.2d 113 (1958). The burden of proving waiver is upon the plaintiff. He has not sustained this burden. Conkling v. Crosby, 29 Ariz. 60, 239 P. 506 (1925).

For the reasons herein stated the trial court's judgment is affirmed.

KRUCKER, J., and LEE GARRETT, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge LEE GARRETT was called to sit in his stead and participate in the determination of this decision.