547 P.2d 1050

**FEDERAL INSURANCE COMPANY, incorporated under the laws of New Jersey, Appellant,**

v.

**P. A. T. HOMES, INC., an Arizona Corporation, Appellee.**

**No. 12220–PR.**

Supreme Court of Arizona, In Banc.

April 6, 1976.

Harrison G. Dickey, Tucson, Dunn, Jones, Teilborg, Sanders, Haga & Parks, P. C., Phoenix, for appellant.

D'Antonio & Videen by Armand Salese, Tucson, for appellee.

GORDON, Justice:

Appellee, P. A. T. Homes, Inc. obtained a judgment against Dunham Concrete Contracting, Inc. Appellee then had issued and served a writ of garnishment on appellant, Federal Insurance Company. From the order of the Superior Court of Pima County granting appellee's motion for sum-

mary judgment, appellant appealed. The Court of Appeals, Division Two, reversed, 24 Ariz.App. 59, 535 P.2d 1063 (1975). Opinion of the Court of Appeals vacated and the judgment of the Superior Court of Pima County affirmed.

We accepted this petition for review to determine whether the exclusionary clauses in a comprehensive general liability insurance policy exclude coverage for liability of the insured for construction work done in an unworkmanlike manner.

The insurance policy in question was in effect when Dunham Concrete Contracting, Inc. entered into a contract with appellee, P. A. T. Homes, Inc., for the construction of footing, stem walls and floors for lots 157 through 238 in Rita Manor Terrace, a housing subdivision in Pima County.

The insurance policy in question issued by the appellant to Dunham Concrete Contracting, Inc. provides for comprehensive general liability, automobile liability and contractual liability. Under the comprehensive general liability provision there are two different types of coverages: Coverage A, Bodily Injury Liability and Coverage B, Property Damage Liability. Appellee sought recovery under Coverage B which contains the following exclusions:

"This insurance does not apply:

"(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;

*     *     *     *     *     *

"(1) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; * * *."

The pivotal issue is whether these exclusions are clear and unambiguous so that the claimed loss resulting from the insured's own work is excluded from the policy's coverage.

Appellant, citing *Haugan v. Home Indemnity Co.*, 86 S.D. 406, 197 N.W.2d 18 (1972), contends that the policy in question does not provide coverage for the loss sustained by appellee, and that further it is error for the court to compare exclusion (a) and exclusion (1) for the purpose of raising ambiguity. We cannot agree with the findings in *Haugan*, and therefore will not follow its ruling. At the same time we note that the *Haugan* opinion was a divided one with Judge Winans dissenting. The language of exclusion (1) in the instant policy has been construed by the Florida Court of Appeals with an opposite holding. *Fontainebleau Hotel Corp. v. United Filigree Corp.*, 298 So.2d 455 (Fla.App.1974). We quote with approval the language of the Supreme Court of Oregon:

"We take the following from *Equitable Life Insurance Co. of Iowa v. Gerwick*, 50 Ohio App. 277, 197 N.E. 923, 925:

" 'Where the language of a clause used in an insurance contract is such that courts of numerous jurisdictions have found it necessary to construe it and in such construction have arrived at conflicting conclusions as to the correct meaning, intent, and effect thereof, the question whether such clause is ambiguous ceases to be an open one.' " *Cimarron Insurance Co. v. Travelers Insurance Co.*, 224 Or. 57 at 66, 355 P.2d 742 at 746–7 (1960).

We follow the principle of construction that where various jurisdictions reach different conclusions as to the meaning, intent, and effect of the language of an insurance contract ambiguity is established.

"If Judges learned in the law can reach so diametrically conflicting conclusions as to what the language of the policy means, it is hard to see how it can be held as a matter of law that the language was so unambiguous that a layman would be bound by it." *Alvis v. Mutual Benefit*

*Health & Accident Association*, 201 Tenn. 198, 297 S.W.2d 643, 645–6 (1956).

In construing the meaning of an insurance policy the language used in the policy should be viewed from the standpoint of the average layman who is untrained in either the law or insurance. *Droz v. Paul Revere Life Insurance Co.*, 1 Ariz.App. 581, 405 P.2d 833 (1965). Under this standard we find that there are at least three reasonable and possible interpretations of the clauses in question. As Judge Hathaway stated in his dissent from the majority:

"Property damage for breach of warranty that work will be done in a workmanlike manner is expressly excepted from exclusion (a). Subsequently (1) excludes property damage ' * * * to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts of equipment furnished in connection therewith * * *.' In view of (1), Does the express exception to exclusion (a), retaining a warranty that work will be done in a workmanlike manner, remain intact? Is it eroded by exclusion (1) as say the majority? or Does it delimit and cut into the broad sweep of exclusion (1)?" *Federal Insurance Company v. P. A. T. Homes, Inc.*, supra, 24 Ariz. App. at ——, 535 P.2d at 1066.

While either of these clauses standing alone might be determined to have no ambiguity, "the policy must be read as a whole in order to give a reasonable and harmonious meaning and effect to all of its provisions." *Droz v. Paul Revere Insurance Co.*, supra, 1 Ariz.App. at 583, 405 P.2d at 835. The exclusions are reasonably susceptible to a construction that would afford coverage to the insured. First we note that "[i]n construing an insurance contract, where there is any ambiguity, or more than one possible construction of the provisions thereof, it is to be construed most strongly against the insurer and in favor of the insured." *D. M. A. F. B. Fed. Cr. U. v. Employers Mut. L. Ins. Co. of*

*Wis.*, 96 Ariz. 399 at 402, 403, 396 P.2d 20 at 23 (1964). See also *Watson v. Ocean A. & G. Corp., Ltd.*, 28 Ariz. 573, 238 P. 338 (1925). If we construe these provisions in this manner exclusion (a) in the policy would read that property damage for breach of warranty that work will be done in a workmanlike manner is expressly not excluded. Exclusion (1) would read that any other property damage to work performed by the insured arising out of his work is excluded. This interpretation resolves any ambiguity and construes the language of the policy as a whole thereby giving effect to every part as far as is possible.

Appellant further contends that the "Broad Form Property Damage Liability" endorsement of the insurance policy precludes coverage for the loss sustained by appellee.

The "Broad Form Property Damage Liability" endorsement reads in part:

"It is agreed that Exclusion (1) of the policy is replaced by the following:

(1) *Under Coverage D*

&ast; &ast; &ast; &ast; &ast; &ast;

2. * * * to injury to or destruction of

&ast; &ast; &ast; &ast; &ast; &ast;

(IV) that particular part of any property, not on premises owned by or rented to the insured, * * *

&ast; &ast; &ast; &ast; &ast; &ast;

(c) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereof by or on behalf of the insured * * *." (Emphasis supplied.)

Under Coverage D (Automobile Liability) there is no exclusion (1). The policy as written for the insured contains two exclusions (1), one under Coverage B—Property Damage Liability and one under Coverage Z—Contractual Property Damage Liability. Obviously the "Broad Form Property Damage Liability" endorsement is misreferenced, and the endorsement would have to be referenced to deny coverage to the appellee. This we will not do

since the referencing of the endorsement "must depend upon the exercise of speculation, surmise and conjecture." *Home Insurance Company v. Lomax*, 17 Ariz.App. 520, at 524, 498 P.2d 594, at 598 (1972). The insurer drafted the confusion in the policy and, therefore, it should be resolved in favor of the insured. *D. M. A. F. B. Fed. Cr. U. v. Employers Mut. L. Ins. Co. of Wis.*, supra. We quote with approval the recognized rule of law:

"Complete absence or insufficiency of reference in the policy to the attached paper, or vice versa, whereby there can be no certainty that the parties intended the attached paper to become a part of the whole contract of insurance, precludes its inclusion or construction in connection therewith * * *." *Loubat v. Audubon Life Insurance Company*, 248 La. 183 at 195, 177 So.2d 281 at 285 (1965).

The opinion of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.