584 P.2d 1187

CUSTOM ROOFING COMPANY, INC., Appellant,

v.

TRANSAMERICA INSURANCE COMPANY, Appellee.

No. 1 CA–CIV 3686.

Court of Appeals of Arizona, Division 1, Department B.

June 29, 1978.

Rehearing Denied Aug. 31, 1978.

Review Denied Oct. 5, 1978.

Hubert E. Kelly, Phoenix, for appellant.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons by John H. Lyons and Steven H. Everts, Mesa, for appellee.

## OPINION

JACOBSON, Judge.

The only issue to be determined in this appeal is whether various exclusionary clauses in a policy of insurance render the policy ambiguous.

This appeal arose out of a third party complaint filed by appellant, Custom Roofing Co. (Custom) against appellee, Transamerica Insurance Co. (Transamerica). Custom had originally been sued by AME Food Service, Inc. (AME) in regard to roofing work Custom had performed for AME under a written contract. Custom had initiated the third party action requesting Transamerica to defend Custom in the AME litigation or in the alternative, pay any judgment obtained against it by AME. The third party action was based upon a policy of insurance issued by Transamerica to Custom.

Transamerica answered the third party complaint and in addition sought declaratory relief on the basis that certain exclusions contained in its policy rendered it neither liable for Custom's losses, if any, nor liable to defend the AME litigation on behalf of Custom. On cross-motions for summary judgment, the trial court granted judgment in favor of Transamerica on the third party complaint, and, the judgment being appealable in form, Custom has appealed.

The facts underlying this litigation are not in material dispute in 1970, Custom entered into a written contract with Phil W. Morris Company (Morris) to do roofing work on a building Morris was constructing for AME. In August, 1972, the roof of the AME building was damaged in a severe windstorm. AME subsequently sued Morris and Custom under theories of breach of contract, and negligence—the basis of both being that the roof was installed in an unworkmanlike manner.

At the time the roof was constructed, Custom had a policy of insurance with Transamerica which contained a "Blanket Liability Coverage Supplement." This supplement provided that:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence. The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . . ."

The policy also contains the following clauses which form the basis of the dispute between the parties:

"This insurance does not apply:

\* \* \* \* \* \*

"(d) To property damage: . . . (7) to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

\* \* \* \* \* \*

"(f) to damages, because of property damage, due: (1) to the cost of repairing or replacing any defective goods or products manufactured, sold, handled or distributed by the named insured or defective work completed by or for the named insured;

\* \* \* \* \* \*

"(j) to bodily injury or property damage with respect to liability assumed by the insured under any contract or agreement not in writing, *except a warranty of fitness or quality of the named insured products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.*" (emphasis added)

Basically, Transamerica argues that since AME's action against Custom is based upon work it performed or materials it supplied, it does not owe coverage because of exclusions (d)(7) and (f)(1). On the other hand, Custom points to the emphasized language in exclusion (j) and argues that warranties of fitness, quality and workmanship are excluded from the exclusions, or at least an ambiguity is created by that language which should be construed against the insurer so as to afford coverage.

In our opinion, the resolution of this dispute is controlled by the decision of the Arizona Supreme Court in *Federal Insurance Company v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976). In *Federal Insurance Co.*, the court was construing a comprehensive general liability insurance policy to determine whether coverage existed for construction work done in an unworkmanlike manner. The policy in question contained the following exclusions:

"This insurance does not apply:

"(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner."

At this juncture, we note that the only material difference between exclusion (j) in the Transamerica policy and exclusion (a) in the Federal Insurance policy is the inclusion of the words "not in writing" in the Transamerica policy and the inclusion of the words "except an incidental contract" in the Federal insurance policy.

The Federal insurance policy went on to recite an exclusion:

"(1) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith."

Again we note that this exclusion does not differ materially from exclusion (d)(7) of the Transamerica policy.

In *Federal Insurance Co.*, the Arizona Supreme Court held that the policy of insurance was ambiguous and construed the policy to mean that property damage resulting from a breach of a warranty that the work will be performed in a workmanlike manner was not excluded from coverage, although any other type of property damage due to work performed by the insured would be excluded.

Transamerica contends that *Federal Insurance Co.* is not controlling in this case primarily because of the difference in language previously noted, that is, that the Transamerica policy contains the words "not in writing" in clause (j) while the Federal Insurance Co. policy contains the words "except an incidental contract" in its corresponding clause. In essence, Transamerica argues that by the inclusion of the words "not in writing" any ambiguity disappears for then the proper interpretation is that the exclusion will not apply to implied warranties of workmanlike performance, as compared to express written warranties of workmanlike performance. The argument continues that since express written warranties are present in this case, the exclusion is still viable.

While such an interpretation is possible, we reject it as nonsensical. We are unable to conjure up any valid reason (nor was counsel at time of oral argument) why an insurance company would be willing to extend coverage to implied warranties, but would exclude express warranties on the same subject. An interpretation of a contract which renders it unreasonable should be avoided. *See Employer's Liability Assurance Corp. v. Lunt*, 82 Ariz. 320, 313 P.2d 393 (1957); *Graver Tank & Manufacturing Co. v. Fluor Corp.*, 4 Ariz.App. 476, 421 P.2d 909 (1967).

. In conformity with *Federal Insurance Co.*, we find this contract of insurance to be ambiguous and interpret it to mean that coverage under the policy is extended to property damage resulting from a breach of warranty of workmanlike performance, but that property damage resulting from any

other cause by reason of work performed by Custom is excluded.

Since the underlying action by AME alleges that Custom was guilty of unworkmanlike performance, at this juncture, Transamerica at least owes the duty to defend Custom in that action under its policy. Because the basis of Custom's liability to AME, if any, has not yet been established, we do not comment on whether Transamerica would be liable for the payment of any judgment which might be rendered against Custom in that action.

Likewise, we do not reach the other issues raised by Custom in support of its contention that coverage was afforded.

Judgment reversed and the matter remanded with directions to reinstate the third party complaint and declare that Transamerica owes a duty to provide a defense to Custom in the AME litigation.

EUBANK, P. J., and OGG, J., concur.