672 P.2d 983

Duane TOLIFSON, Plaintiff-Appellant,

v.

GLOBE AMERICAN CASUALTY COMPANY, Defendant-Appellee.

No. 1 CA–CIV 5994.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 27, 1983.

Levine & Harris, P.C. by Jack Levine, Phoenix, for plaintiff-appellant.

Goldman & Kaplan, Ltd. by Alan Goldman, Janet Margrave and Morris A. Kaplan, Phoenix, for defendant-appellee.

## OPINION

HAIRE, Judge.

This is an appeal by Duane Tolifson, plaintiff-appellant, from judgment entered for Globe American Casualty Company, defendant-appellee, denying appellant benefits of the uninsured motorist coverage provided in a policy issued by Globe. The primary question presented in this appeal involves the interpretation of an uninsured motorist coverage exclusion clause in

Globe's policy which excludes coverage for claims "protected by workmen's compensation."

The policy in question was issued to appellant's employer, Curtis Johnston. Johnston was in the business of installing soft water conditioning units. Johnston employed appellant to install soft water units. On the day of the accident out of which this litigation arose, appellant and another worker were riding with Johnston when Johnston's van collided with an uninsured vehicle which came from behind a stop sign on an intersecting street and drove into the path of Johnston's van.

The trial court found that at the time of the accident appellant was an employee of Curtis Johnston, acting within the course and scope of his employment. Since that determination is not contested on appeal, we accept it.

Appellant, as an insured passenger, asserted a claim against Globe for uninsured motorist benefits under Johnston's automobile liability policy issued by Globe. Globe contended that appellant was excluded from coverage under the policy by a provision which reads in pertinent part:

### "UNINSURED MOTORISTS PROTECTION

\*　　\*　　\*　　\*　　\*　　\*

### "D.  WHAT THINGS CAN HARM OR TAKE AWAY THIS PROTECTION

"Even if you are hurt by an uninsured motorist or hit and run automobile as stated above, you will lose your protection, if:

\*　　\*　　\*　　\*　　\*　　\*

"3.  *Your claim is protected by workmen's compensation* or somebody who is self-insured."

(Emphasis added).

Globe contends that "workmen's compensation" as used in this exclusion connotes Workmen's Compensation Act without regard to whether the employer carried workmen's compensation insurance, and that since appellant has possible remedies under the Workmen's Compensation Act against his employer, the exclusion clause applies, preventing appellant from claiming uninsured motorist insurance under the policy. Globe further contends that an uninsured motorist exclusion clause which excludes coverage for claims protected by the Workmen's Compensation Act is valid under Arizona law. On the other hand, appellant argues that, as used in the policy, "workmen's compensation" means workmen's compensation *insurance,* and that since his employer did not procure workmen's compensation insurance for him, the claim was not "protected by workmen's compensation" and the exclusion clause does not apply.

■ An insurance policy is a contract, and in an action based on the policy, the terms of the policy must control. *D.M.A. F.B. Fed. Credit Union v. Employers Mutual Liability Ins. Co. of Wis.,* 96 Ariz. 399, 402, 396 P.2d 20, 23 (1964). The cardinal principle in interpreting an insurance policy is that the intention of the parties as derived from the language must prevail. *Fireman's Fund Ins. Co. v. New Zealand Ins. Co.,* 103 Ariz. 260, 261, 439 P.2d 1020, 1021 (1968).

■ It is our opinion that the language used in this policy reveals an intent to have insurance coverage to compensate for any injuries an insured under the policy might incur as a result of the negligence of an uninsured driver, whether that insurance coverage exists under the policy itself or through one of the two alternate sources listed in the exclusion, namely, self-insurance or workmen's compensation insurance. It is apparent that an attempt has been made to draft this policy in "layman's" language. When reading the policy, the layman would not understand the various technical definitions of workmen's compensation that one trained in the law or in the insurance business would. To the layman, workmen's compensation has but one purpose and that is to provide him with insurance coverage when he is injured on the job. In construing the exclusion provision, the court must adopt the definition which would be naturally accepted by the average

layman rather than the technical definition, where there is a conflict between the two. *Dickerson v. Hartford Accident & Indem. Co.*, 56 Ariz. 70, 105 P.2d 517 (1940); *Federal Ins. Co. v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976). Furthermore, ambiguous undefined terms in a policy should be construed against the insurer. *United American Life Ins. Co. v. Beadel*, 13 Ariz.App. 196, 475 P.2d 288 (1970).

More importantly, the insured when reading the policy would note that his uninsured motorist coverage would be taken away only when his "claim is *protected* by workmen's compensation." (Emphasis added). In interpreting this clause, the court will give the plain and ordinary meaning to terms used therein. *Brenner v. Aetna Ins. Co.*, 8 Ariz.App. 272, 445 P.2d 474 (1968); *Lawrence v. Beneficial Fire & Casualty Ins. Co.*, 8 Ariz.App. 155, 444 P.2d 446 (1968). Furthermore, the policy must be read as a whole to give reasonable and harmonious meaning and effect to all provisions. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982); *Federal Ins. Co. v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976). In the policy, the word "protect" appears in several headings, subheadings and provisions throughout the policy such as: in the heading "WHO IS *PROTECTED* FOR LIABILITY," in the subheading "A. WHAT AUTOMOBILES ARE COVERED UNDER LIABILITY *PROTECTION,* and in the subheading "B. WHEN YOUR LIABILITY *PROTECTION* DOES NOT APPLY", and in a provision in Part IV which states: "1. The only automobile or car *protected* for Comprehensive and Collision . . . is the one actually described on the face sheet or a replacement car." (Emphasis added). Under Part IX of the policy entitled "UNINSURED MOTORISTS *PROTECTION,*" all five subsections use variations of the word "protect": "A. WHO IS *PROTECTED*," "B. WHAT IS THE *PROTECTION*," "C. WHAT AUTOMOBILES ARE *PROTECTED*," "D. WHAT THINGS CAN HARM OR TAKE AWAY THIS *PROTECTION*," and "E. OTHER IMPORTANT PARTS OF UNINSURED MOTORISTS *PROTECTION*."

(Emphasis added). In each instance cited above the word "protection" is being used as a synonym for the word "insurance." Accordingly, when we read the exclusion provision in question, namely "your claim is *protected* by workmen's compensation . . . ." along with the headings, subheading and provisions which use the word protect, the only reasonable conclusion is that the insured will not lose his uninsured motorist coverage unless his claim is insured by workmen's compensation insurance.

We further note that if Globe's interpretation of the exclusion clause were accepted and "workmen's compensation" construed as Workmen's Compensation Act, a redundancy would result in the uninsured motorist exclusion provision in question. A.R.S. § 23–961 of Arizona's Workmen's Compensation Act relieves employers of the burden of obtaining workmen's compensation insurance where the employer establishes himself as a self-insurer "[b]y furnishing to the commission satisfactory proof of financial ability to pay direct the compensation in the amount and manner and when due as provided in this chapter." Ariz.Rev.Stat.Ann. § 23–961 (1982). Since the Workmen's Compensation Act itself provides for the case where the employer is a self-insurer, the uninsured motorist exclusion in the policy excluding coverage where the claim is protected by "somebody who is self-insured" would be superfluous. Thus when contracting for this provision the insurer and insured must have intended a different meaning for the words "workmen's compensation" as used in the exclusion, so as to give effect to the entire exclusion provision.

We hold that the provision in the Globe policy excluding protection when the insured's "claim is protected by workmen's compensation or somebody who is self-insured" does not apply to appellant's claim. Since we find that the phrase "workmen's compensation" as used in the exclusion clause means workmen's compensation insurance, we need not determine whether the interpretation of the exclusion clause urged by Globe would be valid under Arizo-

na law. *See Farmers Ins. Group v. Home Indem. Co.,* 108 Ariz. 126, 493 P.2d 909 (1972).

The judgment entered by the trial court is reversed and the matter is remanded for proceedings consistent with this opinion.

GRANT, P.J., and EUBANK, J., concur.