760 P.2d 560

**BUSCH DEVELOPMENT, INC., a Utah corporation, Plaintiff/Appellant,**

v.

**The AMERICAN INSURANCE COMPANY, a New Jersey corporation, Garnishee/Defendant/Appellee,**

No. 2 CA–CV 88–0008.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 18, 1988.

Review Denied Sept. 14, 1988.

Jennings, Strouss & Salmon by Jefferson L. Lankford and Brian E. Ditsch, Phoenix, for plaintiff/appellant.

Jones, Skelton & Hochuli by Mark D. Zukowski, Phoenix, for garnishee/defendant/appellee.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of a motion for summary judgment. The facts considered in the light most favorable to the plaintiff are as follows.

Defendant Coe Enterprises, Inc. (Coe), contracted with plaintiff Busch Development, Inc. (Busch), to perform stucco and plastering work on Busch's condominium construction project. Cracks and other defects appeared in the work done by Coe, and it cost Busch $100,704 to repair the defects. Busch sued Coe for breach of contract and breach of implied warranty of good workmanship. Busch knew that Coe was insured by the garnishee, The American Insurance Company (American). Neither Busch nor Coe notified American of the service of process or the existence of the lawsuit. Coe failed to answer the complaint, and the court eventually entered a default judgment for the sum of $100,704 plus attorney's fees and costs.

The first time American learned of the claim against Coe was on February 14, 1985, when it was served by a writ of garnishment. American answered the writ by denying coverage. Nine weeks after it was served with the writ, it moved to set aside the entry of default and the default judgment on the ground that it had not been given notice of the suit by its insured. The trial court, without giving any reasons, denied the motion.

Following discovery, both Busch and American filed motions for summary judgment. The trial court granted American's motion and denied Busch's, finding that American was relieved of any liability under its policy because Coe failed to notify it of the lawsuit. Busch contends that the trial court erred in holding that Coe's failure to notify American relieved American of any liability on its policy.

While many issues have been raised, the determinative issue in this case is whether the contractual liability exclusion in Coe's policy, Forms 105040 and 105205, relieves American from coverage for the damages.[1]

The critical language of Form 105205 reads:

"It is agreed that with respect to operations in the State of Arizona, exclusion (a) is amended to read as follows:

[This insurance does not apply] (a) to liability assumed by the **insured** under any contract or agreement except an **incidental** contract; but this exclusion does not apply to a warranty of fitness or quality of the **named insured's products** or a warranty that work performed by or on behalf of the **named insured** will be done in a workmanlike manner, *subject, however, to the provisions of exclusions (n) and (o) hereafter;*" (Emphasis added.)

---

1. American can still litigate the coverage issue even though there was a default judgment entered against Coe. See *Farmers Insurance Company of Arizona v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703 (1983).

Exclusion (*o*) states that the insurance does not apply:

"(*o*) to **property damage** to work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;"

Busch contends that the effect of the language used here has already been decided adversely to American in the case of *Federal Insurance Company v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976). We do not agree. There is a significant difference in the policy language here. The policy in the Federal Insurance case did not contain the terms which we have emphasized. This difference is crucial. In construing the policy without this emphasized language the court stated:

"While either of these clauses standing alone might be determined to have no ambiguity, 'the policy must be read as a whole in order to give a reasonable and harmonious meaning and effect to all of its provisions.' *Droz v. Paul Revere Insurance Co.*, supra, 1 Ariz.App. [581] at 583, 405 P.2d [833] at 835 [1965]. The exclusions are reasonably susceptible to a construction that would afford coverage to the insured. First we note that '[i]n construing an insurance contract, where there is any ambiguity, or more than one possible construction of the provisions thereof, it is to be construed most strongly against the insurer and in favor of the insured.' *D.M.A.F.B. Fed. Cr. U. v. Employers Mut. L. Ins. Co. of Wis.*, 96 Ariz. 399 at 402, 403, 396 P.2d 20 at 23 (1964). See also *Watson v. Ocean A. & G. Corp., Ltd.*, 28 Ariz. 573, 238 P. 338 (1925). If we construe these provisions in this manner exclusion (a) in the policy would read that property damage for breach of warranty that work will be done in a workmanlike manner is expressly not excluded. Exclusion (1) would read that any other property damage to work performed by the insured arising out of his work is excluded. This interpretation resolves any ambiguity and construes the language of the policy as a whole thereby giving effect to every

part as far as is possible." 113 Ariz. at 139, 547 P.2d at 1053 (1976).

The additional language of American's policy makes it clear that the damages recovered by Busch were not covered by the policy. There is no ambiguity here as there was in the Federal Insurance case.

Busch also makes an argument regarding the General Liability Multi–Cover Endorsement. This argument was never made in the trial court and cannot be raised for the first time on appeal in order to reverse the trial court. *Fendler v. Phoenix Newspapers Inc.*, 130 Ariz. 475, 636 P.2d 1257 (App.1981). Even though the trial court granted summary judgment on another basis, we can still affirm. *Gibson v. Boyle*, 139 Ariz. 512, 679 P.2d 535 (App. 1983).

American is entitled to its attorney's fees on appeal, which shall be awarded upon its compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

LACAGNINA, C.J., and
HATHAWAY, J., concur.